## PRATT v. STATE.

1. ASSAULT: *Elements of.*

   Under *sec. 1562 of Mansf. Dig.,* both the intention and the ability to commit a battery are necessary to constitute an assault.

2. SAME: *Instructions as to.*

   Upon the trial of an indictment for an assault the defendant is entitled to have the statutory definition of a criminal assault given in charge to the jury; and it is error to so modify his prayer to that effect as to convey to the jury the idea that it is sufficient to prove an *apparent* without showing a *real* ability to commit the bodily injury that was attempted.

APPEAL from *Boone* Circuit Court.

J. M. PITTMAN, Judge.

*O. W. Watkins* for appellant.

Our statute defines an assault to be an unlawful attempt coupled with a *present ability* to commit a violent injury, etc. *Mansf. Dig.,* sec. 1562.

*Present ability* is necessary at common law to constitute the crime. *Roscoe Cr. Ev., 296; Russell on Cr., 1019; 2 East P. C., 712; 43 Mich., 521; 9 Ala., 79; 43 id., 354; 78 id , 463; 56 Am. Rep., 42.*

Our statute is clear, and was evidently enacted in view of the conflicting views as to what constituted an assault. *Bish. St. Cr., 513, et seq.*

See, also, *2 Dillon, 219; 6 Tex. Ct. App., 465; 44 Tex., 43; 31 Tex., 170.*

*Dan W. Jones,* Attorney General, for appellee.

The question in this case is not whether, under our statute, present ability is a necessary element in the crime of an assault, but what constitutes the "present ability."

As to definitions of assault, see *Wharton Cr. Law, par. 606, 85 N. C., 508; 81 id., 513; Bishop Cr. Law, vol. 2, par. 52; 60 Cal., 8; 19 Ark., 193; 3 Iredell, 186.*

SMITH, J.   The defendant was indicted for an assault upon the person of one Oxford, with intent to kill him, and was convicted of a simple assault.   The evidence tended to prove that there was some ill-feeling between the parties; that they met at a country store, the defendant standing on a platform raised thirty inches above the ground and Oxford being on the ground at the distance of four or five feet from the edge of the platform; that the defendant cursed and abused Oxford, brandishing a barlow knife and threatening to cut out his heart; that Oxford was not at all alarmed, but invited the defendant to come down from the platform and fight it out; that this the defendant declined to do, but advancing to the end of the platform struck at Oxford, who did not move out of his tracks, although he inclined his body.

We have some doubt whether the defendant had either the intention or the ability to do Oxford any bodily hurt.   Nevertheless, we should not think of interfering with the judgment, if the jury had been properly charged.

The defendant preferred the following requests:

"1.   Before the defendant could be found guilty of even a simple assault, you must be satisfied from the evidence beyond a reasonable doubt that the defendant attempted to thrust or cut the said Oxford with a knife and that he possessed a present ability with the knife as used to inflict said injury.

"2.   Although you may believe from the evidence that the defendant cut or thrust at Oxford with a knife with the intent to kill him, you must find him not guilty of any offense unless you find beyond a reasonable doubt that he possessed the

ability to inflict on the said Oxford an injury with the knife as used.

"3. An assault is an unlawful attempt coupled with present ability to commit a violent injury on the person of another."

The court refused these prayers, modifying the first two by charging that the jury must be satisfied that the defendant possessed the real or apparent ability to inflict injury and explaining the last, which is our statutory definition of a criminal assault, to include the idea of an apparent as well as a real ability. Whether the power to do the bodily hurt that was · attempted was a necessary element in the crime of assault at common law is a question upon which text-writers and judges are much divided. In *2 Comyn's Dig., Battery (C)*, it is said to be no assault if a man strike at another at such a distance that he cannot touch him, or put him in fear. This implies that the apparent attempt to strike under such circumstances amounts only to a menace. In *2 Bishop's Cr. Law, 6th ed., sec. 23*, an assault is defined to be any unlawful physical force, partly or fully put in motion, creating reasonable apprehension of immediate physical injury to a human being. And Dr. Wharton's definition is in terms similar. *Cr. Law, 9th ed., sec. 603*. This view leaves out of the question the ability or inability of the assailant to commit the battery, making the offense to depend on the outward demonstration. According to this view, if A. menacingly point at B. an unloaded gun, which, however, B. believes to be loaded and is thereby put in fear of immediate bodily injury, A. is guilty of an indictable assault. *Regina v. St. George, 9 C. & P., 483 (38 E. C. L. R., 285;* a dictum of Mr. Baron Parke on a trial at *nisi prius); State v. Smith, 2 Humphries, 459; State v. Sims, 3 Strobhart, 137; State v. Shepherd, 10 Iowa, 126;. State v. Davis, 1 Iredell Law, 125; S. C., 35, Am. Dec., 735; Commonwealth v. White, 110 Mass., 407; S. C., 2 Green Cr. Law Rep., 269,* and note where cases on this subject are reviewed.

Other courts have combatted this view as incorrect, holding that the prisoner must have intended and have had the power to carry his menace into effect. *Vaughan v. State, 3 Sm. & M., 553; People v. Lilley, 43 Mich., 521; S. C., 5 Cr. Defences, 783; Chapman v. State, 78 Ala., 463; S. C., 56 Amer. Rep., 42.*

ASSAULT

Elements of. Instructions.

We are not called upon to decide between these conflicting views, for the language of our statute has settled the question. The intention and the ability to commit the battery must both be shown, before an assault of any kind can be made out. Indiana and Texas at one time had the same statute; and it was uniformlv held, we believe, that the intent and the present ability to execute must be conjoined. *State v. Swails, 8 Ind., 524; S. C., 65 Amer. Dec., 772, and note,* where the later Indiana cases are collated; *Robinson v. State, 31 Tex., 170; McKay v. State, 44 id., 43; Jarnigan v. State, 6 Texas Court of Appeals, 465.*

It follows that the qualification of the defendant's prayers to the effect that apparent power to do bodily harm was sufficient was liable to mislead the jury. And for this error the judgment is reversed.