## ANDERSON *v.* STATE.

Opinion delivered November 4, 1905.

1. ASSAULT—ELEMENTS OF OFFENSE.—Under Kirby's Digest, § 1503, defining an assault as "an unlawful attempt, coupled with present ability, to commit a violent injury on the person of another," there must be in every assault an intention to injure, coupled with an act which must be at least the beginning of an attempt to injure then, and not an act of preparation for some contemplated injury that may afterwards be inflicted. (Page 39.)

2. ASSAULT WITH INTENT TO RAPE—SUFFICIENCY OF ATTEMPT.—A conviction of an assault with intent to commit rape will be set aside where.

the evidence fails to show that the accused did any act which was a beginning or part of the contemplated crime. (Page 40.)

3.  SAME—MODIFICATION OF JUDGMENT.—Where the evidence failed to support a charge of assault with intent to rape, but sustained a judgment for assault and battery, which was included in the charge of the former offense, the conviction of the former offense may be set aside, and the cause remanded to the circuit court with directions to render judgment against accused for the latter offense. (Page 40.)

Appeal from Miller Circuit Court; JOEL D. CONWAY, Judge; reversed.

*Frank S. Quinn,* for appellant.

To sustain the charge of assault with intent to rape, it is necessary to prove such acts as show an intent to obtain carnal knowledge of the female forcibly and against her will. 8 Ark. 400; 11 Ark. 390; 13 Ark. 360; 29 Ark. 116; 32 Ark. 702; 63 Ark. 470.

*Robert L. Rogers, Attorney General,* for appellee.

The assault is not denied, and the jury have passed upon the intent. The fact that defendant, after forming the intent and making the assault, abandoned his purpose of his own accord is no defense. 86 Va. 382; 43 Neb. 30; 67 Ga. 349.

BATTLE, J. A little girl about ten years old, named Pearl Bond, left her home at Judsonia, in this State, in April, 1905, to visit relatives at Weatherford, Texas. She was placed in care of the conductor of the train on which she took passage. At Texarkana, Ark., she changed cars. When she arrived there, the conductor placed her in charge of one of the employees of the railroad company, with instructions to put her on the next train for Weatherford, Texas. While waiting for that train, she went to sleep. When she woke, Charles Anderson was sitting by her side. She says: "He asked me my name, and where I was going, and said he was going on the same train, that the conductor had told him to take care of me, and put me on the right train. Then he got up, and looked out of the door, and said that the train was coming, "Come on," and he took me around the depot, saying that he had ten dollars for me. After he got to the alley, he said he had a present for me, and tried to get me to go up to see some little children. He kissed me, and tried to pull me into the alley. I was afraid. I commenced crying, and he said the bad man would get me if I cried. I told

him I wanted to go back to the depot to get a drink, and he said he would get me any kind of a drink I wanted. He turned me loose, and I ran back to the depot. He told me to go back to the depot, that he would see me later."

Upon these facts the grand jury of Miller County indicted Anderson for an assault upon Pearl Bond with intent to rape her; and upon testimony to the same effect he was convicted. Was he guilty?

There is a contrariety of opinion as to what is neccessary to constitute an assault at common law. Mr. Bishop says: "An assault is any unlawful physical force, partly or fully put in motion, creating a reasonable apprehension of immediate physical injury to a human being; as raising a cane to strike him; pointing in a threatening manner a loaded gun at him: and the like." 2 Bishop's New Criminal Law, § 23. In speaking of an attempt to commit a particular crime, after treating of the intent necessary to constitute such an attempt a crime, he says: "Keeping fast to the anchorage-ground of the last sub-title, that the intent must be specific to do the whole of what constitutes the substantive crime, the doctrine here is that the act must be sufficient in magnitude and in proximity to such crime for the law, that does not regard things trifling and small, to notice, and of such seeming aptitude as is calculated to create an apprehended danger of its commission. But it is never necessary that the danger should be real." 1 Bishop's New Criminal Law, § 737. This is a reiteration of what he says of the act necessary to constitute an assault. Of course, acts necessary to constitute an assault are necessary to constitute an assault to commit a particular crime. Some courts do not sustain this view, but we hold that, to constitute an assault, the accused "must have intended and have had the power to carry his menace into effect." *Pratt* v. *State,* 49 Ark. 179, 182, and cases cited.

Our statutes have settled the question in this State. They say: "An assault is an unlawful attempt, coupled with present ability, to commit a violent injury on the person of another." Kirby's Digest, § 1583. In speaking of this statute, and of what is necessary to constitute an assault under it, this court, in *Pratt* v. *State,* 49 Ark. 179, 182, said: "The intention and ability to commit the battery must both be shown, before an assault of

any kind can be made out. Indiana and Texas at one time had the same statute; and it was uniformly held, we believe, that the intent and the present ability to execute must be conjoined." It is evident that an opinion of a court as to what particular acts constitute an assault, or an assault to commit a particular crime, depends upon the particular views of the court as to what is an assault. What might be an assault according to Mr. Bishop's definition might not be under the statutes of this State. When Texas had a statute similar to ours, Chief Justice ROBERTS, speaking for the court in *Johnson* v. *State,* 43 Texas, 576, said: "In every assault there must be an intention to injure, coupled with an act which must at least be the beginning of the attempt to injure then, and not an act of preparation for some contemplated injury that may afterwards be inflicted."

The statutes of this State, requiring the unlawful act to be coupled with the present ability to do the injury, clearly indicate that the unlawful act must be the beginning or part of the act to injure, of the perpetration of the crime, and not of preparation to commit some contemplated crime. This case is an illustration. Anderson never attempted to have sexual intercourse with Pearl Bond by force or consent. He never asked her for permission; never put his own person in condition or position for such an act; never attempted to raise her clothes, or to throw her down, or to do acts without which sexual intercourse could not be accomplished. But when she persisted in pulling back and returning to the depot, he let her loose, and told her to go.

We do not think that the evidence was sufficient to sustain a verdict and judgment for an assault with intent to rape, but that it will sustain a judgment for an assault and battery, they being included by the averments in the indictment. It might sustain a judgment for false imprisonment under an indictment for that offense, but we do not decide or express an opinion that it will. It will not under the indictment in this case.

The judgment for an assault with the intent to commit rape is set aside, with leave for either side to show cause within one week why the case should not be remanded to the circuit court with an order to render judgment against the defendant for an assault and battery.

RIDDICK, J., dissents.