WILLIAMS *v.* STATE.

Opinion delivered November 16, 1908.

ASSAULT WITH INTENT TO COMMIT RAPE—SUFFICIENCY OF ATTEMPT.—Evidence that the accused accosted the prosecutrix and approached her, without more, is insufficient to sustain a conviction of assault with intent to commit rape.

Appeal from Lonoke Circuit Court; *Eugene Lankford,* Judge; reversed.

*Jas. B. Gray,* for appellant.

1. No assault of any kind was proved; no intent was shown, nor any "present ability" nor "unlawful attempt" to commit a crime of any kind proved. Kirby's Digest, § 1583; 49 Ark. 179, 182; 77 *Id.* 39; 43 Tex. 576.

*William F. Kirby,* Attorney General, *Dan'l Taylor,* Assistant, for appellee.

Under our statute defining an assault as construed in 77 Ark. 37, the crime of assault with intent to rape is not established. Error is confessed.

HART, J. At the August term, 1908, of the Lonoke Circuit Court, the grand jury returned an indictment in due form against Sam Williams, charging him with assault with intent

to commit rape upon Beryl Shadle. He was tried and convicted at the same term of the court. His punishment was fixed at a term of three years in the State penitentiary, which he is now serving, pending his appeal to this court.

Miss Beryl Shadle, the prosecuting witness, testified as follows: "I live at England, Lonoke County, Arkansas. On July 27th, 1908, I was living on Plum Bayou some seven or eight miles southeast of England, and on that morning I started from my home at England to my school on Plum Bayou, riding in a buggy alone. I started from England about seven o'clock in the morning and when I had got about five miles from home I was tackled by a negro. The negro's name is Sam Williams, and that is him there (pointing to the defendant.)

"Q. Go on, and tell all that occurred; whose house you were passing?

"A. I was passing the house where Mahomes live, and my attention was called by some one saying, 'Wait,' and I looked around to the left to see, and a negro was just starting across the fence, had his right foot over the rail, and was fixing to put the other one over, and I thought he was talking to some one on the other side, and I looked across the road, and saw he wasn't, and I looked again, and he was sliding off the fence inside the road. He said: 'You look mighty sweet in that buggy, honey,' and I realized then that he was talking to me, and I whipped the horse with the lines, and I looked back at the negro, and he had crossed back over the fence, and he was running up the fence the way I was going. And I ran a good piece, and the buggy ran up against a stump and threw me out and dragged me a piece, and I went to Mr. Hughes's house and called him."

"When the negro first called, he was 10 or 15 steps from me. When I last saw him, he was on the inside of the fence in the field about 15 or 20 steps from where I first saw him, running in the direction I was going." The remaining testimony was directed towards the identity of appellant, the attempted establishment of an alibi by him, and his denial of having been the negro who accosted the prosecuting witness.

The view we have taken of the case renders it unnecessary to abstract this evidence. The Attorney General confesses error. In this he is correct. The case under consideration is ruled by

that of *Anderson* v. *State,* 77 Ark. 37. In that case the court in discussing the sufficiency of the evidence to sustain a charge of assault with intent to rape said: "The statutes of this State, requiring the unlawful act to be coupled with the present ability to do the injury, clearly indicate that the unlawful act must be the beginning or part of the act to injure, of the perpetration of the crime, and not of preparation to commit some contemplated crime."

In the present case the testimony does not show even a simple assault on the prosecuting witness. The negro was never closer than ten or fifteen feet to her; he made no attempt to touch her person, and when she whipped up her horse immediately crossed back over the fence. Of course, the language used by him to her was calculated to scare her, but the evidence wholly fails to sustain the judgment for assault with intent to rape, or even the charge of an assault merely.

Therefore, the judgment is reversed, and the cause is remanded for a new trial.