JONES *v.* STATE.

Opinion delivered February 8, 1909.

1. ASSAULT WITH INTENT TO KILL—PRESENT ABILITY.—It was error, in a prosecution for assult with intent to kill, to charge the jury to find defendant guilty if he feloniously, wilfully and with malice aforethought, with a deadly weapon, towit, an ax, did strike at or make

an effort to strike the prosecuting witness with intent to murder and kill him; it must further appear that the assault was made when defendant was within striking distance, and that he therefore had the (Page 217.)

ability to inflict the injury upon the witness in the manner alleged.

2.  INSTRUCTIONS—CONFLICT.—It is error to give inconsistent and conflicting instructions.   (Page 217.)

3.  ASSAULT WITH INTENT TO KILL—SUFFICIENCY OF EVIDENCE.—A conviction of assault with intent to kill should be set aside where it does not appear that defendant at any time had the present ability to injure the prosecuting witness in the manner alleged in the indictment. (Page 218.)

Appeal from Jefferson Circuit Court; *Henry W. Wells,* Judge, on exchange of circuits; reversed.

### STATEMENT BY THE COURT.

The appellant was convicted of the crime of an assault with intent to kill one Carter. The evidence on the part of the State tended to show that about the 1st of May, 1907, a man by the name of Carter reported to the deputy constable that the appellant had tried to kill him (Carter) with an ax. Whereupon the deputy constable went to Carter's house and found the appellant in Carter's house walking the floor. The door of Carter's house was broken open as if it had been struck with a heavy instrument. When the deputy constable arrested appellant, he seemed very angry, and said to Carter (who was with the deputy constable): "I intend to kill you, if it is ten years." Appellant told the deputy constable that he had run Carter with an ax and tried to kill him with it, but that Carter had outrun him. The occurrence was in Jefferson County, Arkansas, within three years before the finding of the indictment, and the arrest was made soon after it was alleged to have occurred, and the conversation detailed by the constable was at the time and just after he arrested appellant. A witness who lived near Carter testified as follows:

"Carter came running down to my house, and when he got to the gate he holloed, 'Let me in! A man is after me with an ax.' I ran to the door, and said, 'Don't come in the house with that ax. Go back where you started,' 'All right, I will take you at your word and go back, but,' he says, 'I will kill him if I live.'"

"Carter was at my house and Jones was at the gate at that time; just had the ax swinging it in his hand; it is about thirty feet to the gate from my house; after Jones said he would kill Carter if he lived, he turned and left my gate."

"When Carter got to my house, he was blowing pretty fast like he had been running, and said, 'Let me in! A man's after me with an ax.' Don't remember what year that was. It was the day Mr. McNeil made the arrest. That (indicating defendant) is the man he arrested."

The appellant testified as follows: "Carter and I were raised together, and I came there to work and was staying with him. I went to Redfield and got about a gallon of whisky, and was giving everybody some. We were all drinking and having a good time. He wanted to borrow a quarter from me. I would not lend it to him, and we got in a row. We usually talked pretty rough to each other, but never fought. He told me he was going to cut my throat, and drew a Grandfather barlow knife. I ran out and got the ax. I struck the door and broke it in. I did not see him then until he was about thirty feet from me, and I took after him to bluff him. I don't know whether he was going to cut me or not. I just kept after him until he got to the other man's house. I turned back at his gate. I don't remember what I said to the sheriff. I did not hit Carter with the ax. I <u>had no intention of killing or hurting him at all.</u> He was running, and I wanted to bluff him. I was not closer to him than thirty feet; could not have hit him."

At the request of appellee the court gave the following instruction: "The criminal law of the State provides that whoever shall feloniously, wilfully and with malice aforethought, assault any person with intent to murder or kill, or shall administer or attempt to give any poison or potion with intent to kill or murder, and their counsellors, aiders and abettors, shall on conviction thereof be imprisoned in the penitentiary not less than one year, nor more than twenty-one years. So, if the jury are satisfied by the evidence in this case beyond a reasonable doubt that the defendant, John Jones, within three years next before the filing of the indictment in this case, did feloniously, wilfully and with malice aforethought, with a deadly weapon, to-wit, an ax, strike at, or make an effort to strike,

the prosecuting witness, Napoleon Carter, with the intention to murder and kill him, not in his necessary self-defense, it will be the duty of the jury to convict the defendant as charged in the indictment, and to fix his punishment at imprisonment in the State penitentiary at a period of not less than one nor more than twenty-one years."

And at the request of appellant gave the following: "You are instructed that an assault is an unlawful attempt, coupled with the present ability to commit a violent injury upon the person of another. By the expression, 'coupled with the present ability to commit a violent injury upon the person of another,' is meant that the person making an assault must at the time be in such a position, and within such a distance of the person assaulted, as to enable him to strike such person and commit a violent injury upon him by the means used. So, in this case, before you find the defendant guilty of the crime of assault to kill or aggravated assault, or even of simple assault, you must be satisfied from the evidence beyond a reasonable doubt that the defendant not only attempted to strike Napoleon Carter with an ax, but that he was also at the time sufficiently near the said Carter to enable him to strike him and inflict an injury upon his person. Unless you can find from the evidence beyond a reasonable doubt, it is your duty to acquit the defendant."

The court refused the requests of appellant for instructions as follows:

"There being not sufficient evidence in this case to support a verdict of guilty upon the charge of assault to kill or the minor offenses of aggravated assault, or simple assault, you will find the defendant not guilty."

"No. 2. You are instructed that, although you may believe that defendant stated to witness A. F. McNeil at the time he was arrested that he had tried to kill Napoleon Carter, and that he was going to kill him if he got a chance, still this statement would not be sufficient, if true, to convict the defendant, unless you further find from the evidence beyond a reasonable doubt that at the time he attempted to strike with an ax the said Napoleon Carter, he had the present ability to do so."

The appellant saved his exceptions to the ruling of the court in giving the instruction set out above at the request of

appellee, and to the refusal to give his requests *supra*. His motion for new trial assigning as error the rulings of the court mentioned was overruled, and he has duly prosecuted this appeal.

*Hunt & Toney,* for appellant.

To make an effort to strike with intention to kill is not sufficient; the defendant must have had the ability coupled with the intention to kill. 49 Ark. 179; 77 *Id.* 37.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* for appellee.

A jury has the right to draw the inference that results were intended. 6 Mich. 296. The doer of an act shall be presumed to have intended its natural and probable consequences. 34 Ark. 443; 10 *Id.* 324; Bishop's New Criminal Law, § 735. A new trial will not be awarded unless there is a total absence of evidence to sustain the verdict. 15 Ark. 540; 23 *Id.* 61; 21 *Id.* 306.

WOOD, J., (after stating the facts.) The instruction given at the request of the State was incomplete. It authorized the jury to find appellant guilty if he "feloniously, wilfully and with malice aforethought, with a deadly weapon, to-wit, an ax, did strike at or make an effort to strike Carter with intention to murder and kill him." This would not constitute an assault unless at the time appellant struck at or made an effort to strike Carter the latter was in striking distance, and appellant therefore had the ability to inflict the injury upon him, in the manner alleged. Kirby's Digest, § 1583; *Pratt* v. *State,* 49 Ark. 179; *Anderson* v. *State,* 77 Ark. 37; *Williams* v. *State,* 88 Ark. 91. The instruction in itself should have declared a correct proposition of law.

The error of the court in giving this instruction was not cured by the giving of appellant's request number 1, which was correct. The independent propositions were not consistent with each other. *Goodell* v. *Bluff City Lumber Co.,* 57 Ark. 203; *Selden* v. *State,* 55 Ark. 393. Therefore the charge, when considered as a whole, was made up of contradictory propositions. Conflicting instructions should not be given. *Hartgrove* v. *Southern Cotton Oil Co.,* 72 Ark. 31; *Rector* v. *Robins,* 74 Ark. 437.

There was no evidence to show that appellant at any time had the present ability to injure Carter in the manner alleged in the indictment. It is argued that appellant might have thrown an ax at Carter and have injured him with it in that manner. But the proof does not show that appellant made any effort to injure the prosecuting witness by throwing the ax at him. Even if an injury could have been inflicted in that manner, it was not attempted. Appellant must be convicted, if at all, upon the attempt he actually made, and not upon what he might have done had he made the attempt. So the evidence is not sufficient to sustain the verdict, and the court should have set it aside for that reason.

For the errors indicated the judgment is reversed, and the cause is remanded for new trial.