VAUGHAN *v.* MCDANIEL.

Opinion delivered March 1, 1909.

ASSAULT AND BATTERY—SUFFICIENCY OF EVIDENCE TO SUPPORT VERDICT.—A verdict for the defendant in a civil action for assault and battery will be set aside where undisputed testimony shows that defendant was the aggressor in committing the assault and battery and that it was not committed in self defense.

Appeal from Ouachita Circuit Court; *George W. Hays,* Judge; reversed.

STATEMENT BY THE COURT.

Mack Vaughan, by his next friend, W. H. Vaughan, brought this action against the Freeman-Smith Lumber Company and O. S. McDaniel, one of its employees, to recover damages for an assault and battery alleged to have been committed upon him by McDaniel on the 27th day of August, 1906.

The Freeman-Smith Lumber Company in its answer denied liability. McDaniel answered, and, after denying that he as-

saulted Vaughan in his capacity as agent or employee of said Lumber Company, and that Vaughan suffered injuries to the extent alleged in his complaint, alleges the truth to be "that the plaintiff, Mack Vaughan, and himself had a disagreement and a personal difficulty wherein the plaintiff harrassed and annoyed and greatly incensed this defendant, causing him to strike the said plaintiff with a piece of iron pipe, which would not have been done except for the gross insult and indignity imposed upon him by the said plaintiff, and that said plaintiff is responsible tor their trouble and for his own injury in the manner aforesaid."

Before the trial, the action against the Lumber Company was dismissed.

There was evidence introduced on the trial tending to prove the following state of facts:

In August, 1906, O. S. McDaniel as foreman and Mack Vaughan, a boy of 17 years, with other day laborers, were in the employment of the Freeman-Smith Lumber Company. Some of the laborers wished to attend the unveiling of a monument at Salem near their place of work, and asked permission of the foreman to do so, which was refused by him. Among this number was Vaughan. On the day of the unveiling, all the laborers except Mack Vaughan showed up for work. On that morning, McDaniel met Vaughan near the mill, and asked him why he was not at work. Vaughan replied that he had laid off. McDaniel then told him to come and get his time. There was a dispute about his wages, McDaniel insisting that he would only pay him at the rate of $1.10 per day. Later in the morning McDaniel saw Vaughan in the mill talking to some of the hands, and walked into the room where he was and asked him what he wanted. Vaughan replied that he did not want anything. McDaniel told him to go away and let the men alone, saying: "If you haven't got any business here, this is no place for loafers." McDaniel went to the case in the filing room, and stood there studying out some work he had to do. He then turned around to go out of the filing room. Vaughan had changed positions, and was standing nearly in line between McDaniel and the door. There was room to pass. McDaniel walked up to him, raised his hand, and said: "If you have no

business here, you go on away, and leave these men alone." When McDaniel got up to him, Vaughan had his hands closed in front of him. He then moved his right hand behind him, and looked McDaniel in the face. His face got red, and his jaw commenced to quiver, and he said: "You can make me get out of the filing room, but not off the platform." McDaniel replied: "If you have got me to fight, I will do it right now." McDaniel further testified: "I looked around, and took this, and hit him right on this side. He fell out of the door on his knees. I saw what I had done and laid my stick down, and he was getting up, and Jess Lindsay came up, and I told him to take Mack and take him away. Then I went to Mr. Jones's and gave myself up."

This was substantially the version of the occurrence as stated by McDaniel at the trial. In another portion of his testimony, after stating that Vaughan said, "You can make me get out of the filing room but not off the platform," McDaniel said: "I just stepped over and picked this up, and he still had his left hand this way, and still had his right hand like it was in his pocket, and then I struck him. Q. Do you know whether that lick struck his shoulder before it struck his jaw? A. No, sir, I couldn't say. It was all done in a second. It went all over me that he wanted to interfere with my business, and from the appearance of everything I thought he wanted his way about it, and was going to give me trouble over it, and if that was it we would just have it right there and be done with it."

Mack Vaughan testified that he was struck from behind as he was walking out of the door of the filing room, and that the force of the blow broke his jaw. Other witnesses said that the instrument used was made of iron. McDaniel was arrested for assault and battery. He entered a plea of guilty, and his punishment was fixed at a fine of $100 and three hours in jail.

Other evidence was introduced to show the extent of the injuries suffered by the plaintiff.

Defendant also introduced other testimony which would tend to mitigate damages, but as the verdict was in his favor it is not necessary to abstract it.

Judgment was entered upon the verdict in favor of the defendant, and the plaintiff has duly prosecuted his appeal.

*Thornton & Thornton,* for appellant.

This case calls for the application of the rule that, "even when there may be some conflict in the evidence, a new trial will be granted where the verdict is so clearly and palpably against the weight of the evidence as to shock the sense of justice of a reasonable person." 70 Ark. 385.

HART, J., (after stating the facts.) No complaint is made of the instructions given by the court, and the sole question raised by the appeal is, was the evidence sufficient to sustain a verdict for appellee? In other words, was appellee justified in striking appellant under the evidence, when considered in the light most favorable to him? We think not. · The blow inflicted by him was not given in necessary self defense. He had not been assaulted by appellant.

In speaking of our statute in regard to assaults, in the case of *Pratt* v. *State,* 49 Ark. 179, the court said: "The intention and ability to commit the battery must both be shown, before an assault of any kind can be made out." This was approved in later cases of *Anderson* v. *State,* 77 Ark. 37, and *Williams* v. *State,* 88 Ark. 91.

It is manifest from appellee's own testimony that appellant did not intend to strike him; for he says that appellant told him that he could make him get out of the filing room but not off of the platform. It is also manifest from his own testimony that he did not strike appellant because appellant had offered to strike him; for he says, in effect, that he struck appellant because he was interfering with the work of the other employees. The undisputed testimony shows that appellee was the aggressor. His answer does not set up any matter of justification, but in it his only averment is of facts in mitigation of damages.

In his answer appellee averred that he struck him with an iron pipe because of the insults and indignities that appellant offered him. In his testimony he states that he struck appellant with the stick because he was interfering with his men, and nowhere in the record does it appear that he struck him in necessary self defense.

A careful consideration of the testimony leads us to conclude that the evidence is not sufficient to support the verdict.

Therefore the judgment is reversed, and the cause remanded for a new trial.