STATE of Missouri, Respondent,

v.

Lafayette WARD, Appellant.

No. 35452.

Missouri Court of Appeals,
St. Louis District,
Division Two.

July 16, 1974.

Thomas W. Shannon, Pros. Atty., Dennis F. Kay, Asst. Pros. Atty., St. Louis, for respondent.

Brady, Brady & Devereaux, St. Louis, for appellant.

CLEMENS, Judge.

Defendant, a clerk in an "Adult Book Store," appeals from a conviction and $300 fine in a court-tried case for violating Section 563.280, RSMo 1969, V.A.M.S., which provides: "Every person who shall . . . offer for sale . . . any obscene . . . picture . . . or other publication of indecent, immoral or scandalous character . . . shall, on conviction thereof, be fined . . ."

The State's information charged "that Lafayette A. Ward in the City of St. Louis, on the 2nd day of March 1973 did knowingly possess certain obscene publications with the intent to sell and circulate the same bearing the following title: "BALL BUSTERS" the same depicting acts of sexual intercourse and perversion in an immoral and scandalous manner contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State."

On appeal defendant challenges the sufficiency of the evidence to prove scienter, the admission into evidence of State's Exhibit 1 and the court's failure to make a specific finding of obscenity.

Scienter requires that defendant have knowledge of the obscene matter. State v. Richardson, 506 S.W.2d 488 (Mo.

App.1974). The evidence established that the arresting officer entered the bookshop and proceeded to a display rack containing numerous publications wrapped in sealed, clear plastic covers showing full color, close-up photographs. The officer selected one entitled "Ball Busters" ("State's Exhibit A") showing on the front a man and woman in an act of fellatio and on the back a life-sized photograph of a penis partly inserted into a vagina. He showed the exhibit to the defendant who said it was for sale. It carried a $10 price tag. This evidence showed defendant's scienter of obscenity and the offer of sale.

Defendant contends the recent Supreme Court decision, Roaden v. Kentucky, 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed.2d 757 (1973), abrogates the authority of State v. Smith, 422 S.W.2d 50 [40] (Mo.banc 1967), on the necessity of a prior judicial determination of obscenity. The rule from *Smith* is that prosecutions under § 563.280, RSMo 1969, V.A.M.S., do not require a prior judicial determination of obscenity before books found on the premises following a lawful arrest for possessing obscene matter with intent to sell can be seized as evidence in the case.

*Roaden* involved the seizure without a warrant and without a prior judicial determination as to obscenity of motion-picture film for use as evidence. In holding that the seizure of the film incident to the arrest for publicly exhibiting the film was unreasonable under Fourth Amendment standards and therefore inadmissible, the Supreme Court relied on cases[1] in which the seizure of allegedly obscene material "brought to an abrupt halt an orderly and presumptively legitimate distribution or exhibition." The court also characterized the seizing of film then being exhibited to the general public as "essentially the same restraint on expression as the seizure of all the books in a bookstore."

 The essential distinction between *Roaden* and the case at hand is that the seizure of one copy of "Ball Busters" for use as evidence lacks the totality of restraint proscribed by *Roaden*. We find therefore that the seizure of State's Exhibit 1 incident to defendant's arrest was not unreasonable and its admission into evidence was not error.

 Defendant's final point, regarding the trial court's failure to make a specific finding of obscenity, is without merit. Rule 26.01(c), V.A.M.R., provides that "all fact issues upon which *no specific findings are made shall be deemed found* in accordance with the result reached."

Judgment affirmed.

SMITH, P. J., and McMILLIAN and GUNN, JJ., concur.

---

1. A Quantity of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1964); Marcus v. Search Warrant, 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127 (1961), and Lee Art Theatre v. Virginia, 392 U.S. 636, 88 S.Ct. 2103, 20 L.Ed.2d 1313 (1968).