STATE of Missouri, Respondent,

v.

Greg SIMMER, Appellant.

No. 70910.

Supreme Court of Missouri,
En Banc.

June 13, 1989.

Motion for Rehearing Denied
Aug. 1, 1989.

Errol Copilevitz, Richard E. Standridge, Kansas City, for appellant.

David C. Dally, Pros. Atty., Daniel E. Scott, Ass't. Pros. Atty., Joplin, for respondent.

BILLINGS, Chief Justice.

Defendant Greg Simmer was tried and convicted of promoting obscenity in the sec-

ond degree and sentenced to 90 days in jail. He questions the constitutionality of the statute under which he was prosecuted and the sufficiency of the evidence to support the jury's verdict. Affirmed.

Officer Jon Hubbard of the Joplin Police Department went to the Main Street News Store in Joplin on January 8, 1988, to purchase magazines as part of an undercover operation. The store contained approximately 1500 magazines wrapped in clear plastic cellophane. Officer Hubbard selected two magazines at random entitled *"Beavers"* and *"Poppin Mamas"* and took the magazines to the counter to pay for them. The defendant, who was behind the counter, looked at the front cover of each magazine to determine the price. He then took the officer's money, put it in the cash register, and placed the magazines in a paper sack.

■ Defendant was subsequently arrested, charged with a violation of *§ 573.030, RSMo Supp. (1987)*, and convicted. He contends *§ 573.030* violates *Article I, § 8* of the Missouri Constitution.

*Section 573.030, RSMo Supp. (1987)* provides in pertinent part:

Promoting Obscenity in the Second Degree

1. A person commits the crime of promoting pornography for minors or obscenity in the second degree if, knowing its contents or character, he: (1) Promotes or possesses with the purpose to promote any obscene material for pecuniary gain....

*Article I, § 8* of the Missouri Constitution provides:

That no law shall be passed impairing the freedom of speech, no matter by what means communicated: that every person shall be free to say, write or publish, or otherwise communicate whatever he will on any subject, being responsible for all abuses of that liberty....

The Supreme Court has declared that obscenity is not within the area of constitutionally protected speech or press. *Miller v. California*, 413 U.S. 15, 23, 93 S.Ct. 2607, 2614, 37 L.Ed.2d 419 (1973); *Roth v.*

*United States*, 354 U.S. 476, 485, 77 S.Ct. 1304, 1309, 1 L.Ed.2d 1498 (1957). This Court declared as early as 1896 that obscene publications are outside the scope of constitutionally protected speech. *State v. Van Wye*, 136 Mo. 227, 37 S.W. 938, 939 (1896). The statute in *Van Wye*, prohibiting the sale or dissemination of certain publications, was found constitutionally valid under *§ 14* of the Missouri Bill of Rights, a provision virtually identical to *Article I, § 8* of the present Constitution. The constitutionality of statutes prohibiting the sale or dissemination of obscene materials has been reaffirmed in *State v. Smith*, 422 S.W.2d 50, 55 (Mo. banc 1967), and *State v. Vollmar*, 389 S.W.2d 20, 27 (Mo. 1965). Based on the decisions of the Supreme Court and prior Missouri cases involving similar statutes and constitutional provisions, the Court concludes that § 573.030 is constitutional.

■ Defendant also claims that *§§ 573.-030 and 573.010(8), RSMo Supp.1987* violate due process because they are vague and do not give prior notice of what constitutes prohibited conduct.

*Section 573.010(8)*, defines obscenity according to the test outlined in *Miller v. California*, 413 U.S. at 24, 93 S.Ct. at 2614. The statute reads as follows:

"Obscene", any material or performance is obscene if:

(a) Applying contemporary community standards, its predominant appeal is to prurient interest in sex; and (b) Taken as a whole with the average person applying contemporary community standards, it depicts or describes sexual conduct in a patently offensive way; and (c) Taken as a whole, it lacks serious literary, artistic, political or scientific value. Obscenity shall be judged with reference to its impact upon ordinary adults.

In *Miller*, the Supreme Court held that the standard outlined above will provide fair notice to a dealer that his activities may result in prosecution. In a footnote, the Court concluded: "Many decisions have recognized that these terms of obscenity statutes are not precise. [Footnote omitted.] This Court, however, has consistent-

ly held that lack of precision is not itself offensive to the requirements of due process...." *Miller v. California,* 413 U.S. at 27, 28, 93 S.Ct. at 2616, 2617, quoting *Roth v. United States,* 354 U.S. at 491–92, 77 S.Ct. at 1312–313.

Missouri courts have also considered and rejected the argument that obscenity statutes are impermissibly overbroad, ambiguous or vague. *See State ex rel. Wampler v. Bird,* 499 S.W.2d 780, 784 (Mo.1973); *State v. Triplett,* 722 S.W.2d 633, 638 (Mo. App.1986). The Court concludes that *§§ 573.030 and 573.010(8)* do not violate due process.

■ Defendant argues the two magazines are not obscene under the standards set forth in *§ 573.010(8).*

*"Poppin Mamas"* contains photographs of pregnant women in a variety of revealing poses. Most shots focus on the female genitalia, breasts, and anus. A few of the women in the photos appear to be engaged in masturbation. *"Beavers"* contains photographs of naked women in various positions, including many close-up shots of the women's vaginas. Some of the women shown in the magazine are engaged in masturbation. The only writings contained in either magazine are sexually-oriented captions and advertisements.

This Court concludes: (1) that *"Beavers"* and *"Poppin Mamas"* predominant appeal is to a prurient interest in sex, (2) that taken as a whole, these magazines depict sexual conduct in a patently offensive way, and (3) that taken as a whole, these magazines lack serious literary, artistic, political or scientific value. The magazines are obscene under the statute as the jury determined.

■ Defendant also asserts the state failed to produce evidence of his knowledge of the content or character of the magazines sold and he was entitled to judgment of acquittal as a matter of law.

First of all, under the definitions of *material* and *obscene* found in *§ 573.010,* the photographs visible on the covers of the magazines are sufficient, standing alone, to demonstrate defendant knowingly promoted and sold obscene material, contrary to and in violation of *§ 573.030. Material* is defined by *§ 573.010(5)* as:

(5) "Material", anything printed or written, or any picture, drawing, photograph, motion picture film, videotape or videotape production, or pictorial representation, or any statute or other figure, or any recording or transcription, or any mechanical, chemical, or electrical reproduction, or anything which is or may be used as a means of communication. "Material" includes undeveloped photographs, molds, printing plates and other latent representational objects;

The evidence was that defendant looked at the cover of each magazine to determine its price. Depicted on the cover of *"Beavers"* is a photograph of a naked woman whose legs are spread far apart. The woman's genitalia and pubic hairs are plainly in view. Printed on the cover is the caption "Adults Only All Models Are 18 Or Older Explicit Non–Violent Action". *"Poppin Mamas"* cover features a scantily clad pregnant woman whose breasts, abdomen, thighs, and legs are exposed. The caption of this magazine states: "Beautiful Big-Bellied Preggies Naked & Lusty Adults Only".

Second, knowledge or scienter may be established by circumstantial evidence. *State v. Smith,* 422 S.W.2d 50, 62 (Mo. banc 1967); *State v. Triplett,* 722 S.W.2d 633, 636 (Mo.App.1986). If the cover of a magazine is sexually explicit, knowledge of the cover is sufficient to infer knowledge of the character or content of the magazine. *Triplett,* 722 S.W.2d at 636; *State v. Schamma,* 659 S.W.2d 589, 592 (Mo.App. 1983); *State v. Ward,* 512 S.W.2d 245, 246 (Mo.App.1974); *State v. Hughes,* 508 S.W.2d 6, 7 (Mo.App.1974). Having viewed the cover of each magazine, it can be inferred that defendant was aware of the content or character of the magazines.

Access to the bookstore where defendant worked was limited to adults and members only. The windows of the store were covered. The store contained approximately 1500 magazines sealed in clear plastic covers. Beside the counter where the clerk stood were displays of plastic dildos and

plastic vaginas. Knowledge of the obscene material of the magazines at issue can also be inferred from defendant's knowledge of the nature of the business.

The Court concludes there is sufficient evidence in the record to support the jury's finding that defendant knew the content and character of the material which he sold.

■ Defendant's next point is that the state failed to prove that he derived any pecuniary gain from the sale of the magazines, as required by *§ 573.030.* The statute does not specify that the person charged with violation must profit as a result of the sale but requires that the obscene material must be promoted for pecuniary gain. The police officer testified that he paid the defendant for the magazines and defendant put the money in the cash register. This evidence is sufficient to satisfy the statutory requirement. *See State v. Cox*, 619 S.W.2d 794, 796–7 (Mo. App.1981), *cert. denied*, 455 U.S. 976, 102 S.Ct. 1485, 71 L.Ed.2d 688 (1982).

The judgment is affirmed.

ROBERTSON, RENDLEN, HIGGINS and COVINGTON, JJ., concur.

BLACKMAR, J., dissents in separate opinion filed.

WELLIVER, J., dissents and concurs in separate dissenting opinion of BLACKMAR, J.

BLACKMAR, Judge, dissenting.

It is unfortunate that counsel for the defendant, after invoking our jurisdiction under Art. V, Sec. 3 of the Missouri Constitution by challenging the constitutional validity of § 573.030, RSMo 1986, have elected to submit the case on briefs without oral argument. A matter so important as the First Amendment should not be treated so lightly.

The state, in my opinion, has not sustained its burden of proving that the defendant had knowledge of the contents of the magazines purchased by the undercover officer. I would not follow the holding in *State v. Triplett*, 722 S.W.2d 633 (Mo.App.

1986), to the effect that one who glances at a sexually explicit cover of a magazine may be found to have knowledge of the contents. The information could have, but does not, charge that the covers were obscene, as defined in § 573.010(8), RSMo (1988 Supp). The clerk is primarily interested in the price and not in a careful examination of the cover. Today's decision puts a severe burden on people who are required to seek employment in retail outlets. They know that they will be quickly replaced if they refuse to sell the store's merchandise.

The evidence showed only that the defendant glanced momentarily at the cover to ascertain the printed price, twisting the magazine around to better see the price mark in the upper right cover. There is no indication that he focused on anything but the price. The witness admitted that he had no reason to believe that the defendant knew what was inside the magazines. This is not substantial proof that he knew the "content and character" of the magazines as charged by the information.

The state argues the additional factors as to the nature of the store and of the material on display. Once again, the information could have but does not charge that the three-dimensional objects displayed for sale were violative of the law. Section 573.010(3). There was no substantial proof that the defendant was the proprietor of the store, was responsible for ordering the merchandise, or even of the length of his employment. The limitation to adults does not necessarily prove that illegal merchandise was being sold. The proprietor might want to discourage "drug store cowboys" from frequenting the store.

Statutes such as § 573.030 restrict the right of freedom of expression. The legislature has authority to punish the sale of "pornography" under carefully defined circumstances, but in this sensitive area I would demand precise charges and strict proof in criminal actions—stricter than that required for criminal cases which do not impact the First Amendment. The state might consider civil remedies under § 573.070, in preference to criminal prose-

cution. I am not satisfied that the necessary burden of proof has been met in the case before us and would reverse the judgment.