Allen DUNLAP *v.* STATE of Arkansas

CR 90-79                                        795 S.W.2d 920

Supreme Court of Arkansas
Opinion delivered September 17, 1990
[Rehearing denied October 15, 1990.]

224

*John Wesley Hall, Jr., P.C.*, by: *Craig Lambert*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Allen Dunlap, appellant, is the owner and operator of two "adult" entertainment establishments in Little Rock—American Arcade and United Arcade. As a result of a vice investigation conducted in 1987 and 1988 by the Little Rock Police Department, appellant was charged with promoting obscene materials in violation of Ark. Code Ann. § 5-68-303 (1987). Appellant's first trial resulted in a mistrial because the jury could not reach an unanimous verdict.

When the appellant was retried, the state introduced into evidence two video tape movies, "Nasty Habits Are Hard to Break" and "Girls on F Street", and a magazine, "Black Girls

White Cocks." These pornographic materials were bought in the appellant's establishments by Detective Carlos Corbin during the investigation. Appellant was convicted and sentenced to six years imprisonment and a $10,000 fine. He argues five points of error on appeal. We find no error and therefore affirm.

Under Ark. Code Ann. § 5-68-303, unless certain defenses contained in Ark. Code Ann. § 5-68-308 apply, a person commits promoting obscene materials if he knowingly promotes, or has in his possession with the intent to promote, any obscene material. Obscene material means material which does the following:

(A) Depicts or describes in a patently offensive manner sadomasochistic abuse, sexual conduct, or hard-core sexual conduct;
(B) Taken as a whole, appeals to the prurient interest of the average person, applying contemporary standards; or
(C) Taken as a whole, lacks serious literary, artistic, political or scientific value.

Ark. Code Ann. § 5-68-302(4) (1987).

In one of his points on appeal, the appellant argues that our Obscenity Law is unconstitutional under the first and fourteenth amendments to the United States Constitution. We summarily dismiss this point by stating that we rejected this same argument in an earlier case involving the appellant. *Dunlap* v. *State*, 292 Ark. 51, 728 S.W.2d 155 (1987). Our Obscenity Statutes were drafted pursuant to the guidelines set out by the Supreme Court in *Miller* v. *California*, 413 U.S. 15 (1973), which has recently been reaffirmed in *Fort Wayne Books, Inc.* v. *Indiana*, 109 S. Ct. 916 (1989).

We next address the appellant's sufficiency of the evidence argument. Appellant argues that the trial court erred in denying his motion for a directed verdict because the state failed to prove the scienter element of the offense—that he knowingly promoted obscene materials. Specifically, appellant states that he was not present when the pornographic materials were purchased by Detective Corbin and that he had not seen either of the two films.

While knowingly is not defined under the Arkansas Obscenity Law, it is defined under the general criminal statutes as the following:

> A person acts knowingly with respect to his conduct or the attendant circumstances when he is aware that his conduct is of that nature or that such circumstances exist. A person acts knowingly with respect to a result of his conduct when he is aware that it is practically certain that his conduct will cause such a result.

Ark. Code Ann. § 5-2-202(2) (1987). In obscenity cases, the Supreme Court has stated that it is constitutionally sufficient that the prosecution show that a defendant had knowledge of the contents of the materials he distributed, and that he knew the character and nature of the materials. *Hamling* v. *United States*, 418 U.S. 87 (1974). It is not necessary to prove that a defendant had knowledge of the legal status of the materials. *Id.*

As we have stated numerous times, we treat directed verdicts as challenges to the sufficiency of the evidence. *See, e.g., Glick* v. *State*, 275 Ark. 34, 627 S.W.2d 14 (1982). In reviewing the sufficiency of the evidence, this court views the evidence in the light most favorable to the appellee, and affirms if there is any substantial evidence in support of the verdict. *Wainwright* v. *State*, 302 Ark. 371, 790 S.W.2d 420 (1990). Substantial evidence, whether direct or circumstantial, must be of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other. *Gardner* v. *State*, 296 Ark. 41, 754 S.W.2d 518 (1988). In determining the sufficiency of the evidence, it is permissible for the court to only consider the testimony that tends to support the verdict of guilt. *Id.*

Here, appellant is the sole owner and proprietor of both "adult" establishments, and all the utility and tax records are in his name. As shown by photographs introduced into evidence by the appellant, both of the "adult" business establishments had magazines, movie tape boxes and sexual devices displayed on the walls. Since the magazines were in clear plastic covers, their front covers were in plain view of anyone in the store. Appellant testified that he and his employees screen the movies and admitted that most of his stock was "pretty well" hard-core sexual conduct.

Sexually explicit photographs visible on the covers of magazines on display have been held sufficient to demonstrate

that the defendant knowingly promoted and sold obscene material. *See State* v. *Simmer,* 772 S.W.2d 372 (Mo. 1989). Here, the cover of the magazine, "Black Girls White Cocks," featured a lurid photograph of a woman showing her genitalia and being penetrated in the anus by a man. On the back cover, two naked women are pictured with men ejaculating on their breasts. In addition, the magazine's front cover contained sexually explicit language stating the magazine contained pictures of sexual intercourse and oral sex between women and men. Considering appellant's ownership and personal involvement in the business along with the sexually explicit materials on display on the premises, the jury, at the very least, surely could have reasonably inferred appellant was aware of the contents or character of the magazines and other materials that were for sale or rent.

If any doubt of appellant's knowledge still lingered after such evidence, we would also note that the jury learned from the appellant's own testimony that he had been convicted under this same obscenity statute before. *See Dunlap* v. *State,* 292 Ark. 51, 728 S.W.2d 155 (1987). Evidence of prior arrests or convictions for violations of obscenity laws has been held to be probative in showing the defendant's knowledge. *See State* v. *McKinney,* 718 S.W.2d 583 (Mo. App. 1986). We believe the evidence presented below was more than sufficient to support the jury's determination that the appellant had knowledge of the contents, nature and character of the pornographic materials.

In his second point, appellant argues that the trial court erred in admitting the video movie "Girls on F Street" into evidence. The movie, "Girls on F Street," was not listed in the information or shown at the first trial. Before this second trial, a pre-trial conference was conducted and the appellant and the deputy prosecutor discussed the evidence to be presented. The deputy prosecutor informed the court and the appellant that he intended to limit the sexual materials to be introduced to those items that had been purchased rather than those obtained in a search. In this connection, the state announced it planned to introduce two movies, "Nasty Habits" and "Girls on F Street." The prosecutor further indicated that he would not show the movie "Cheek to Cheek," which was shown at the first trial, and defense counsel acknowledged that this change in evidence would shorten the trial by an hour and a half.

At trial, appellant interposed his objection to the showing of "Girls on F Street," saying that "it had not dawned on [him] until opening statement that 'Girls on F Street' was not in the last trial." Appellant said that allowing "Girls on F Street" to be shown would amount to amending the information. The prosecutor interjected that he understood appellant agreed to the showing of this "purchased" movie, and after appellant acknowledged he was not surprised and was aware of the movie, the trial court overruled the appellant's objection.

We have held that it is only necessary that an indictment name the offense and the party to be charged. *David* v. *State*, 295 Ark. 131, 748 S.W.2d 117 (1988); Ark. Code Ann. § 16-85-405 (1987). Defendants may be charged by either indictments or informations. *See* Ark. Const. amend. 21, § 1. The state is not required to include a statement of the act or acts constituting the offense, unless the offense cannot be charged without doing so. *David*, 295 Ark. 131, 748 S.W.2d 117. The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet. *Fortner* v. *State*, 258 Ark. 591, 528 S.W.2d 378 (1975).

In this case, the state's information was definite in its setting out the obscenity law with which appellant was charged. Appellant was made fully and timely aware of the evidence, including "Girls on F Street," which the state intended to use to prove its case. The appellant's attorney, himself, admitted below that he was not surprised by the film. Under Ark. Code Ann. § 16-85-405(a)(2) (1987), no indictment is insufficient, nor can the trial, judgment, or other proceeding thereon be affected, by reason of any defect, which does not tend to the prejudice of the substantial rights of the defendant on the merits. Appellant offered no suggestion at trial, or in this appeal, how he was, or could have been, prejudiced by the "Girls on F Street" movie, especially in light of the hard-core nature of the other movie shown, "Nasty Habits." In sum, we cannot say that the appellant was prejudiced by the showing of the film "Girls On F Street."

Next, the appellant argues that the trial court erred in failing to give the following requested jury instruction:

> If, upon the entire case, the jury is unable to ascertain the meaning of "patently offensive," "contemporary community standards," "prurient interests," or "serious value," then the prosecution has failed to prove its case beyond a reasonable doubt. The jury is not permitted to speculate or guess at the meaning of these terms. If you are of the opinion that these elements are incapable of objective measurement, then you should return a verdict of not guilty.

The trial judge gave jury instructions that defined obscenity, hard-core sexual conduct, sexual conduct, prurient interest, sadomasochistic abuse, knowingly, promote, material and explained the contemporary community standard. The jury was also instructed that the state must prove every element of the offense charged.

We have held that where there is even the slightest evidence to warrant an instruction, it is error to refuse it. *Hall* v. *State*, 286 Ark. 52, 689 S.W.2d 524 (1985). We find no error here. The jury was properly instructed on the terms contained in the Obscenity Statutes. Appellant's requested jury instruction, on the other hand, emphasizes some of these statutory terms contained in the instructions given by the trial court and suggests that the jury may not be able to ascertain the meaning of those terms.

One instruction should not be emphasized over others. *See Bennett* v. *State*, 302 Ark. 179, 789 S.W.2d 436 (1990). Further, it is error to give inconsistent and conflicting instructions. *Jones* v. *State*, 89 Ark. 213, 116 S.W. 230 (1909). The jury instructions given at trial followed the definitions found in our Obscenity Statutes which we have upheld. *Dunlap*, 292 Ark. 51, 728 S.W.2d 155 (1987). To the contrary, the appellant's instruction suggests that the terms in the jury instructions are vague. For this reason, we believe the appellant's requested instruction was incorrect. It is not an error to refuse an instruction that is not a correct statement of law. *See Williams* v. *State*, 259 Ark. 667, 535 S.W.2d 842 (1976).

Finally, the appellant argues that his sentence of six years imprisonment and a $10,000 fine violates the eighth amendment's prohibition against cruel and unusual punishment.

We disagree. Appellant's conviction for promoting obscene materials is a Class D felony. Ark. Code Ann. § 5-68-303(c). Under Ark. Code Ann. § 5-4-401(a)(5) (1987), the sentence for a Class D felony shall not exceed six years. This court has held that we will not reduce or compare sentences which are imposed within the statutory limits. *See Shields* v. *State*, 281 Ark. 420, 664 S.W.2d 866 (1984). Unless the punishment is a barbarous one unknown to law or so wholly disproportionate to the nature of the offense as to shock the moral sense of the community, we will not find that punishment authorized by statute is cruel or unusual. *Parker* v. *State*, 290 Ark. 94, 717 S.W.2d 197 (1986). As stated earlier, we also note that the jury was made aware of the fact that this was the appellant's second conviction for this type offense. This knowledge could well have been a factor in the jury giving the appellant the maximum statutory sentence.

For the reasons stated above, we affirm.