Herbert C. HOFFMAN, City Counselor of
Kansas City, Missouri, Respondent,

v.

DICKINSON OPERATING COMPANY, Inc.,
and Jim Hanson, Manager, Kimo Theatre,
and Samuel M. Brown, Projectionist, Kimo
Theatre, Appellants.

No. 55147.

Supreme Court of Missouri,
Division No. 2.

June 14, 1971.

Aaron A. Wilson, Jr., City Counselor,
Charles A. Lewis, Associate City Counselor,
Robert A. Dakopolos, Associate City Counselor, Kansas City, for respondent.

Robert B. Olsen, Irving Achtenberg,
Kansas City, for appellants; Fallon, Olsen,
Talpers & Thompson, Achtenberg, Sandler
& Balkin, Kansas City, of counsel.

PER CURIAM:

This is an appeal from a permanent injunction barring appellants, operators of the Kimo Theatre in Kansas City, Missouri, from showing the motion picture film "I Am Curious (Yellow)." V.A.M.S. § 563.285.

■ Appellants first assert that the film is not obscene "under the applicable standards of Federal constitutional law." We have viewed the film, and consider it obscene and not protected by the First and Fourteenth Amendments from suppression by the State of Missouri. (Cf. State v. Hartstein, Mo.Sup., 469 S.W.2d 329, decided April 12, 1971.) We find support for our position in Wagonheim v. Maryland State Board of Censors, 255 Md. 297, 258 A.2d 240 (affirmed by an equally divided Court in Grove Press, Inc., et al. v. Maryland State Board of Censors, 401 U.S. 480, 91 S.Ct. 966, 28 L.Ed.2d 205, 1971).

■ Appellants next assert that because they have adopted a policy of keeping out minors, of telling those attending what the film will be like, and of telling those attending that on request they can have their money refunded, the film, even if obscene, is protected by the First and Fourteenth Amendments under the law stated in Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542. The answer to appellants'

assertion is in United States v. Reidel, 402 U.S. 351, 91 S.Ct. 1410, 28 L.Ed.2d 813 (No. 534, decided May 3, 1971):

"The right Stanley asserted was 'the right to read or observe what he pleases— the right to satisfy his intellectual and emotional needs in the privacy of his own home.' 394 U.S., at 565, 89 S.Ct. at 1248. The Court's response was that 'a State has no business telling a man, sitting alone in his own house, what books he may read or what films he may watch. Our whole constitutional heritage rebels at the thoughts of giving government the power to control men's minds.' *Ibid.* The focus of this language was on freedom of mind and thought and on the privacy of one's home. It does not require that we fashion or recognize a constitutional right in people like Reidel to distribute or sell obscene materials. The personal constitutional rights of those like Stanley to possess and read obscenity in their homes and their freedom of mind and thought do not depend on whether the materials are obscene or whether obscenity is constitutionally protected. Their rights to have and view that material in private are independently saved by the Constitution.

"Reidel is in a wholly different position. He has no complaints about governmental violations of his private thoughts or fantasies, but stands squarely on a claimed First Amendment right to do business in obscenity and use the mails in the process. But *Roth* has squarely placed obscenity and its distribution outside the reach of the First Amendment and they remain there today. *Stanley* did not overrule *Roth* and we decline to do so now."

Appellants, as did Reidel, claim a "First Amendment right to do business in obscenity." Their claim is without merit.

The judgment is affirmed.

DONNELLY, P. J., and MORGAN, J., and HENLEY, Alternate Judge, concur.

FINCH, J., not sitting.