**STATE of Missouri, ex rel. Dee WAMPLER, Greene County Prosecuting Attorney, Respondent,**

v.

**Dick and Edna BIRD et al., Appellants.**

No. 57240.

Supreme Court of Missouri, Division No. 1.

Oct. 8, 1973.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Neil MacFarlane, Asst. Attys. Gen., Jefferson City, for respondent.

Scott R. Traylor, Springfield, J. Mack Ausburn, San Antonio, for appellants.

PER CURIAM.

Appeal (taken prior to January 1, 1972) in action by State of Missouri for civil injunction.

On July 19, 1971, the State of Missouri petitioned the Circuit Court of Greene County to enjoin and restrain defendants from sale and distribution of "obscene, lewd and indecent books, pamphlets, magazines and other articles and materials * * * in violation of Revised Missouri Statutes 1969, 563.280, 563.285."

Upon reading the petition, together with attached affidavits of three Springfield, Missouri, police officers, the court granted, *ex parte*, a temporary injunction and ordered defendants to appear and show cause why the injunction should not be made permanent.

The show-cause hearing took place July 26, 1971. Defendants presented no evidence. Defendant Readers Book Service, Inc., is a Missouri corporation engaged in operation of a newsstand or bookstore in Springfield; defendants Dick and Edna Bird are officers of the corporation, and defendants Nancy Jean Souter and Gary Neal Root are employees of the corporation.

The State produced as witnesses four officers of the Springfield Police Department; and presented six magazines purchased by the officers in the bookstore, and a box of magazines seized earlier in an unrelated action. ·

On July 27, 1971, the court issued a permanent injunction against defendants and ordered them to surrender all publications in their possession, whether at the store or in their homes, to the Chief of Police of Springfield. The order also gave the police power to search the store and homes of defendants and to seize any materials which appeared to come within the description contained in the order.

On the same day, after the search and seizure was accomplished, the court commenced an examination of the surrendered and seized materials, multiple copies of the initially seized publications, to determine whether they were obscene.

On July 29, 1971, the court concluded its determination and made exhaustive findings of fact in which it was determined that certain (most) of the publications by name, description and title "to the average person, applying contemporary community standards, would appeal and (do) appeal to a prurient interest in sex, that they are utterly without any redeeming social value

and that (they are) * * * obscene." Pursuant to this determination the court entered a permanent injunction against sale of the designated obscene publications and ordered them destroyed. The destruction was stayed pending resolution of an appeal and the publications in question were filed as exhibits in this court.

Appellants contend the court erred: (1) in granting the injunction because it constitutes a prior restraint on freedom of speech and press and thus violates the First and Fourteenth Amendments to the United States Constitution; (2) in authorizing search of defendants' homes because private possession of even obscene matter is absolutely protected under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; (3) in authorizing a search warrant because the authorization was based upon an erroneous and incorrect standard and was not based upon a prior adversary hearing, in violation of the First, Fourth, and Fourteenth Amendments; in granting the injunction and ordering destruction (4) because there was no evidence upon which to base a finding of obscenity, (5) because the materials are not obscene and (6) because Sections 563.280 and 563.285, RSMo 1969 V.A.M.S., are unconstitutional.

Respondent concedes (I) that the court erred in enjoining appellants from ever manufacturing, selling, or distributing obscene materials because such order constitutes a prior restraint.

Respondent counters appellants' remaining points, asserting: (II) the search of defendants' homes did not violate their right to possess obscene material for private use, because they were using their homes to store large quantities of material for supply of the store; (III) the search warrant contained a proper standard, and the "adversary" hearing satisfied constitutional requirements; (IV) the state is not required to present evidence of obscenity independent of the alleged obscene material; (V) the court based its finding of obscenity upon a correct constitutional test; (VI) Sections 563.280 and 563.285,[1] supra, are constitutional.

As in City of Kansas City v. O'Connor, No. 57266 (Mo.1973); City of Kansas City v. McNellis, No. 58132 (Mo.1973), and City of Kansas City v. Reed, No. 58133 (Mo.1973), also decided this date, appellants' position is that the posture and fundamental question of their appeal are the same, and that they should receive the same treatment given defendant by the United States Supreme Court in State v. Hartstein, 469 S.W.2d 329 (Mo. banc 1971), i. e., conviction reversed, citing Redrup v. New York, 386 U.S. 767, 87 S.Ct. 1414, 18 L.Ed. 2d 515 (1967). Hartstein v. Missouri, 404 U.S. 988, 92 S.Ct. 531, 30 L.Ed.2d 539 (1971).

1. Section 563.280, RSMo 1969, V.A.M.S., provides: "Every person who knowingly shall manufacture, print, publish, buy, sell, offer for sale or advertise for sale, or have in his possession, with intent to sell or circulate, or who knowingly shall give away, distribute or circulate any obscene, lewd, licentious, indecent or lascivious book, pamphlet, paper, ballad, drawing, lithograph, engraving, picture, photograph, model, cast, print, article or other publication of indecent, immoral or scandalous character, or shall write, print or publish, sell or circulate, any letter, handbill, card, circular, book, pamphlet, advertisement or notice of any kind giving information, directly or indirectly, when, where, how, of whom or by what means any of the things herein mentioned can be had or obtained, and whoever shall print or publish in any newspaper any vulgar, scandalous, obscene or immoral pleadings or evidence in any, case or proceeding before any court or tribunal whatever, shall, on conviction thereof, be fined not more than one thousand dollars nor less than fifty dollars, or be imprisoned not more than one year in the county, jail, or both; but nothing in this section shall be construed so as to affect teaching in regular medical colleges, or public standard medical books, or reports of medical societies, or the practice of regular practitioners of medicine, or druggists in their legitimate business." Section 563.-285, RSMo 1969 V.A.M.S., provides further that the publication, sale or distribution of the matter proscribed by Section 563.280 may be enjoined.

As in the City of Kansas City cases, supra, whatever merit this appeal may have possessed at the time of submission to this court May 18, 1973, has now been removed in a series of subsequent decisions [2] by the United States Supreme Court.

Under these authorities and on this record, appellants' specific contentions, with the exception conceded by respondent, must be denied.

■ With respect to Point I, the court, as conceded by respondent, did err in enjoining defendants from ever selling and possessing obscene matter for sale because the order, to that extent, does constitute prior restraint. Kingsley Books, Inc. v. Brown, 354 U.S. 436, 77 S.Ct. 1325, 1 L. Ed.2d 1469 (1957).

■ With respect to Point II, the court did not err in authorizing a search of the Bird home because it is a fair inference from the evidence that they were using their home to store large quantities of obscene material for supply to their store. This is not the limited zone of privacy of one's own home in which to read or view what he pleases protected by Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L. Ed.2d 542 (1969). See Paris Adult Theatre I v. Slaton, — U.S. —, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973); United States v. Orito, — U.S. —, 93 S.Ct. 2674, 37 L. Ed.2d 513 (1973); United States v. 12 200-Ft. Reels Film, — U.S. —, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973).

■ With respect to Point III, the court did not err in authorizing the search because the standard employed was neither erroneous nor incorrect. The court's quoted standard comports favorably with the standards articulated in Miller v. California, — U.S. —, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).

■ Nor is there "an absolute First or Fourteenth Amendment right to a prior adversary hearing applicable to all cases where allegedly obscene material is seized." Heller v. New York, 413 U.S. 483, 1. c. 488, 93 S.Ct. 2789, 1. c. 2792, 37 L.Ed.2d 745 (1973). So far as the evidence in this case shows other than the conceded exception, defendants were accorded a prior adversary hearing. Officers purchased six publications and presented a box of publications previously in judicial custody for examination by the court. Only after that examination and judicial determination was the surrender order made, and the ultimate hearing was accorded beginning the same day. The procedure followed is consistent with that approved in Heller v. New York, supra.

■ With respect to Point IV, the court did not err in granting the injunction because it is not error not to require affirmative evidence of obscenity independent of the allegedly obscene publications themselves which were in evidence and were the best evidence of what they depict. Paris Adult Theatre I v. Slaton, supra; Kaplan v. California, — U.S. —, 93 S. Ct. 2680, 37 L.Ed.2d 492 (1973).

■ With respect to Point V, the court did not err in finding certain of the allegedly obscene material obscene. The court examined all the publications which were the best evidence of what they depicted, Paris Adult Theatre I v. Slaton, supra, Kaplan v. California, supra; and in determining that certain of them were obscene, employed standards which comport favorably wth those articulated in Miller v. California, supra. Appellants have not persuaded that the court's determination was erroneous; and their reliance on Redrup v. New York, supra, is misplaced because its procedure has been discredited. Miller v. California, supra. See also Hoffman v.

---

2. These decisions are summarized in City of Kansas City v. O'Connor, No. 57266 (Mo.1973): City of Kansas Citv v. McNellis, No. 58132 (Mo.1973); City of Kansas City v. Reed, No. 58133 (Mo.1973); supra, decided this date. The summary is not repeated here.

784

Dickinson Operating Co., 468 S.W.2d 26[1] (Mo.1971).

With respect to Point VI, the trial court did not err because Sections 563.280 and 563.285, RSMo 1969, V.A.M.S., as construed and applied, Paris Adult Theatre I v. Slaton, supra, are constitutional and are not overbroad in their provisions. The statutes deal with the same matters as does the ordinance approved in Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L. Ed.2d 1498 (1957), reaffirmed in Miller v. California, supra, and the ordinance of Kansas City determined to be constitutional in the City of Kansas City cases, supra.

Accordingly, this case is controlled by the recent decisions of the United States Supreme Court, summarized in the City of Kansas City cases, supra; and the judgment, except for the concededly erroneous prior restraint noted in connection with appellants' Point I, is affirmed.

HOLMAN, J., concurs.

BARDGETT, P. J., concurs in result.

SEILER, J., dissents in separate dissenting opinion filed.

SEILER, Judge (dissenting).

In my opinion, the Missouri obscenity statute, Sec. 563.280 RSMo 1969, V.A.M.S., is unconstitutional.

In Miller v. California, —— U.S. ——, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), the Supreme Court held that First Amendment values are adequately protected if the state law that regulates obscene material is limited, as written or construed, to the following considerations: (a) whether the average person, applying contemporary community standards would find that the work, taken as a whole, appeals to the prurient interest, (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law, and (c) whether the work, taken as a whole, lacks serious literary, artistic, political or scientific value (p. ——, 93 S.Ct. 2607).

The Missouri statute, as written and authoritatively construed, fails to define specifically the sexual conduct which must be depicted or described in the material to subject it to regulation under the statute, as required by Miller. The court in Miller gives two examples of the types of material a state statute may permissibly define and regulate (p. ——, 93 S.Ct. p. 2615):

"(a) Patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated.

"(b) Patently offensive representation or descriptions of masturbation, execretory functions, and lewd exhibition of the genitals."

These descriptions of conduct are a far cry from the loose language of Sec. 563.-280, supra, which regulates "lewd, licentious, indecent or lascivious" matter of an "indecent, immoral or scandalous character."

We have held that this statute is not unconstitutionally vague. State v. Becker, 364 Mo. 1079, 272 S.W.2d 283 (Mo.1954). However, the language of Miller requires this court to take a second look at the constitutionality of this statute.

I also dissent for the reason stated in my dissent in City of Kansas City v. O'Connor et al., Nos. 57266, 57132 and 58133, also decided this date, that the state of Missouri has no legitimate interest under the freedom of speech clause of our own constitution, Art. I, Sec. 8, in censoring the films and publications available to consenting adults.

For these reasons I respectfully dissent.