STATE of Missouri, Plaintiff-Respondent,

v.

James RICHARDSON, Defendant-Appellant.

No. 35082.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Feb. 19, 1974.

Rehearing Denied March 8, 1974.

Brady, Brady & Devereaux, St. Louis, for defendant-appellant.

Thomas W. Shannon, James I. Bucher, Dennis F. Kay, St. Louis, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals from his conviction, in a court tried case, of a violation of Sec. 563.280, RSMo 1969, V.A.M.S., selling obscene matter. He was fined $300.

Defendant does not here raise the question of whether the publication is obscene and has abandoned a double jeopardy claim as unsupported by the record. A police officer entered a book store on Olive St. in the city of St. Louis. He approached defendant and stated: "Well, I'd like to get a magazine, but they are all sealed up and I want to get something good that shows, you know, that really shows everything . . . I want to be able to see him screw it." In response to that request defendant pointed to a wall containing magazines and said, "Those magazines will show you everything." The officer picked out a copy of the magazine "Response", encased in clear plastic with a drawing on the cover of a couple engaged in sexual intercourse. The officer had previously seen another copy of the same volume and number of the same magazine and was familiar with its contents.

He then took the sealed magazine to the defendant, paid him for it, received his change and the magazine, and then placed defendant under arrest.

█ Defendant challenges the sufficiency of the proof of scienter, the seizure of the magazine, and the court's failure to make a specific finding of obscenity. There was no seizure here. The police officer paid for and owned the magazine at the time he placed defendant under arrest. It was the officer's magazine not the defendant's. No request for a specific finding of obscenity was made as authorized by Rule 26.01(c), V.A.M.R. Therefore "all fact issues upon which no specific findings are made shall be found in accordance with the result reached." The court did not err in making a general finding of guilt.

█ The evidence is sufficient to establish scienter. The officer made a specific request and the defendant pointed to the wall from which the officer subsequently

took the magazine, and defendant opined that the magazines on the wall would meet the officer's request. The one selected did.

■ For a conviction for the sale of obscene matter to stand there must be evidence of scienter. Smith v. People, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959). "Scienter within the meaning of Sec. 563.280 means knowledge of the contents of the publication," State v. Smith, 422 S.W.2d 50 (Mo. banc 1967) [23], but scienter does not require that the defendant know that the contents are obscene. State v. Smith, *supra,* [19–22]. Defendant's response to the officer's request was sufficient evidence of his knowledge of the contents of the magazine to support a finding of scienter. See State v. Vollmar, 389 S.W.2d 20 (Mo.1965).

Judgment affirmed.

McMILLIAN and GUNN, JJ., concur.