**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Talberg HUGHES, Defendant-Appellant.**

**No. 35371.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

March 26, 1974.

Motion for Rehearing or to Transfer to Court En Banc or Transfer to Supreme Court Denied April 8, 1974.

Brady, Brady & Devereaux, St. Louis, for defendant-appellant.

Thomas W. Shannon, James I. Bucher, Stephen A. Moore, Dennis F. Kay, St. Louis, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals from his conviction, in a court tried case, of a violation of Sec. 563.280, RSMo 1969, V.A.M.S. selling obscene matter. He was fined $300.

Defendant raises three points. His contention that no specific finding of obscenity was made by the trial court was ruled by us recently in State v. Richardson, 506 S.W.2d 488 (Mo.App.1974) contrary to defendant's position. His attack on the "seizure" of the deck of cards is misplaced—there was no seizure, the policeman bought the deck of cards from defendant.

Defendant also contends scienter was not established. In State v. Richardson, supra, we outlined the rules of law respecting scienter in a case of selling obscene matter.

Here the police officer asked defendant if the book store carried playing cards. Upon being advised they were in the glass display counter, the officer requested they be shown to him. Defendant removed a deck of cards enclosed in a clear plastic case taped closed. The cards were not removed from the case, but the top card was clearly visible. In addition to the suit and number superimposed on two corners, the card was a color closeup of a penis partially inserted into a vagina. In response to a question defendant stated he wasn't sure whether the pictures on the remaining cards were similar to the one on top. In fact, they were, although each was different. The officer then purchased the cards. Defendant had actual knowledge of the top card. It was reasonable to infer that he was aware that the rest of the cards portrayed similar activities, although he may not have known the exact content of each card, and that is enough to support the conviction.

Judgment affirmed.

CLEMENS and GUNN, JJ., concur.