STATE of Missouri, Plaintiff-Respondent,

v.

Donald FLYNN, Defendant-Appellant.

No. 58467.

Supreme Court of Missouri, Division No. 2.

Feb. 18, 1975.

John C. Danforth, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Thomas W. Shannon, Pros. Atty., Dennis F. Kay, Asst. Pros. Atty., St. Louis, for respondent.

Daniel R. Devereaux, Brady, Brady & Devereaux, St. Louis, for appellant.

STOCKARD, Commissioner.

Appellant was charged by information in the St. Louis Court of Criminal Correction with the sale of an obscene publication in violation of § 563.280, RSMo 1969, V.A.M.S., a misdemeanor, and was found guilty by the court; a jury having been expressly waived. Appellant attempts to present two constitutional issues, but as subsequently noted one is not preserved for appellate review. The other requires a ruling so appellate jurisdiction is in this court. A brief statement of the facts is appropriate.

On June 5, 1973, Police Officer Chase entered a book store at 519 Washington Avenue in St. Louis and asked appellant, an employee of the store, if he had "any good books with _____ pictures in them." Appellant then selected the book, handed it to the officer and commented that it was what he wanted because it had some good color pictures in it. The book was encased in a clear plastic cover, and through the cover could be seen a picture of the upper portions of two nude persons in a sexually suggestive position. However, the officer recognized the book as one he had previously seen, and he was familiar with and knew of its contents. After he paid the purchase price for the book he placed appellant under arrest.

The book, the subject of this action, unquestionably is "hard core" obscenity. We do not understand appellant to contend that it is not. He contends that it was error to admit the book into evidence because "the arrest of defendant and seizure [of the book] was not supported by probable cause and was illegal when undertaken prior to a judicial determination that there [was] probable cause to believe a publication obscene."

We first note that before trial appellant did not file a motion to suppress the book as evidence although he necessarily knew that as a part of the state's evidence it would be offered in evidence. In State v. Harrington, 435 S.W.2d 318 (Mo.

1968), this court said: "It has long been the rule in this state that evidence obtained by means of an unlawful search and seizure by police officers is not admissible in evidence against the person searched where timely objection to the use of such evidence is made. . . . The procedural rules of this state, with an exception not here material, require that the contention of an unlawful search and seizure be made by motion to suppress the evidence in advance of trial. . . . The validity of a search and the admissibility in evidence of the fruits of that search present issues collateral to the issue of guilt which are to be tried independently. . . . 'Not only must defendant file a motion to suppress the controverted evidence, but he [has] the burden of presenting evidence to sustain his contentions.'" There was no motion to suppress the admission in evidence of the book, and therefore the point has not been preserved for appellate review.

▮ If the point had been raised and preserved in timely manner it would have been fruitless for the reason that in these circumstances there was neither a search nor a seizure. The police officer purchased and paid for the book and he took possession of it by reason of that purchase. He owned it at the time he placed appellant under arrest. It was the officer's book, not appellant's. There is an attempt by appellant to contend that under the circumstances of this case, before he could be arrested for the sale of an obscene publication, it was necessary that the officer take the book to a magistrate for a determination of obscenity. He relies on cases such as Roaden v. Commonwealth of Kentucky, 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed.2d 757 (1973), and Heller v. State of New York, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745 (1973), to the effect that a *seizure* of alleged obscene material must be undertaken pursuant to a warrant issued after a probable cause determination by an independent magistrate. But, as previously pointed out, in this case there was no seizure. Appellant was placed under arrest for the com-

mission of a misdemeanor in the presence of the police officer. We find no merit to appellant's first point.

Appellant's second point is that the trial court should have sustained his motion for judgment of acquittal because § 563.280, RSMo 1969, V.A.M.S. is "unconstitutionally vague and overbroad when applied to the defendant."

▮ This constitutional issue was raised for the first time in the motion for new trial. There was no motion filed to dismiss or quash the information, and there was no attack on it in any manner on the basis now asserted until after trial. Missouri has always adhered to the rule that to preserve for appellate review a constitutional issue, it must be raised at the earliest time consistent with good pleading and orderly procedure. As stated in Magenheim v. Board of Education of School District of Riverview Gardens, 340 S.W.2d 619, 621 (Mo.1970):

"To preserve a constitutional question for review here it must be raised at the first opportunity; the sections of the Constitution claimed to have been violated must be specified; the point must be preserved in the motion for new trial, if any; and it must be adequately covered in the briefs."

▮ The earliest possible moment consistent with good pleading and orderly procedure in which a party may raise a constitutional issue pertaining to the information or indictment is in a motion to dismiss or to quash pursuant to Rules 25.05 and 25.06, V.A.M.R. The constitutional issue cannot be preserved for appellate review by mentioning it for the first time in a motion for new trial. We need cite only a few representative cases of the numerous cases which so hold: Kelch v. Kelch, 450 S.W.2d 202 (Mo.1970); State v. Anderson, 375 S.W.2d 116 (Mo.1964); Kansas City v. Martin, 369 S.W.2d 602 (Mo.App.1963). The constitutional issue purportedly presented in appellant's second point is not

preserved for appellate review. However, we add *ex gratia* a quotation from State ex rel. Wampler v. Bird, 499 S.W.2d 780 (Mo. banc 1973):

"With respect to Point VI [that § 563.280, RSMo 1969, is unconstitutional], the trial court did not err because [§ 563.280 and § 563.285] as construed and applied . . . are constitutional and are not overbroad in their provisions. The statutes deal with the same matters as does the ordinance approved in Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), reaffirmed in Miller v. California [413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419] (1973) . . . ."

Appellant's remaining two points are that there "was no evidence of scienter which is a required element of the offense of "sale of obscene publications" under § 563.280, and the State "failed to prove that a sale occurred."

The contention that no sale was proved is obviously without merit. The evidence shows that the police officer asked for a publication of a certain type, that it was produced by appellant, that the officer paid the purchase price and that the book was delivered to him. Appellant argues that the officer testified at one time that he "guessed he purchased" the book. Whether a sale occurred was a question of law for the court in view of the facts shown by the testimony. The testimony clearly established a sale.

It is the accepted rule that for a conviction for the sale of obscene matter to stand there must be evidence of scienter. Smith v. People of State of Cal., 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959). "Scienter within the meaning of § 563.280 means knowledge of the contents of the publication." State v. Smith, 422 S.W.2d 50 (Mo. banc 1967). Scienter, however, does not require that the defendant know that the contents are obscene. State v. Richardson, 506 S.W.2d 488 (Mo.App.

1974). Appellant's response verbally and by action to the officer's request clearly constitutes sufficient evidence of his knowledge of the contents of the publication to support a finding of scienter. State v. Vollmar, 389 S.W.2d 20 (Mo. 1965).

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the court.

All of the Judges concur.