**STATE of Missouri, Respondent,**

v.

**Henry SHOUSE, Appellant.**

**No. 58466.**

Supreme Court of Missouri, Division No. 2.

Feb. 18, 1975.

**14**

John C. Danforth, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Thomas W. Shannon, Pros. Atty., Dennis F. Kay, Asst. Pros. Atty., St. Louis, for respondent.

Daniel R. Devereaux, Brady, Brady & Devereaux, St. Louis, for appellant.

STOCKARD, Commissioner.

Appellant was charged by information in the St. Louis Court of Criminal Correction with the sale of an obscene publication in violation of Section 563.280, RSMo 1969, V.A.M.S., a misdemeanor, and was found guilty by the court, a jury having been expressly waived.

This is one of five somewhat related cases. We retained appellate jurisdiction of State v. Flynn, 519 S.W.2d 10 (Mo. 1975), because there was a constitutional issue pertaining to what appellant contended constituted an unconstitutional seizure. We retain jurisdiction of this case on the same basis.

On June 3, 1973, police officer Chase entered a bookstore at 3626 Olive Street and told appellant, who was an employee there, that he was interested in pictures of sexual relations. Appellant referred him to a particular book and stated that he knew the book contained such pictures. The officer purchased the book and when he examined it he found that it contained color pictures of nude persons engaged in sexual relations and committing acts of sodomy. The officer then placed appellant under arrest. Appellant does not contend on this appeal that the magazine is not "hard core" obscenity.

Appellant presents two points in his brief on this appeal. The first sentence of the first point is as follows: "The trial court erred in admitting into evidence [the book] for the reason that defendant's arrest was without probable cause and based upon the arresting officer's personal opinion as to the obscenity of the book rather than pursuant to a prior judicial determination of its obscenity vel non." With minor variances of no consequence this is identical to the first point ruled in State v. Hughes, 519 S.W.2d 18 (Mo.1975). In the point in this case, however, appellant adds that "The seizure was unreasonable and unconstitutional and in violation of Article One, Sections Ten, Fifteen and Eighteen of the Missouri Constitution and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States."

There was no seizure of the book by the officer. He purchased the book. At the time of the arrest the book was the property of the officer and not appellant. Every issue presented by the first point has been expressly ruled in State v. Flynn, supra, and State v. Hughes, supra. We need not burden this opinion with a further discussion of the reasons for the rulings there expressed.

Appellant's second, and last point, is a challenge to the constitutionality of Section 563.280, RSMo 1969, on the basis that it is "vague and overbroad as applied to appellant. . . ."

In this case as in State v. Flynn, supra, the first mention of this contention appears in appellant's motion for new trial. For the reasons set forth in State v. Flynn, supra, this issue has not been preserved for appellate review. Under these circumstances there is no occasion for a second discussion of the basis for the ruling. The ruling there made controls the contention made in this case.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the court.

All of the Judges concur.