**STATE of Missouri, Respondent,**

v.

**James RICHARDSON, Appellant.**

**No. 58504.**

Supreme Court of Missouri,
Division No. 2.

Feb. 18, 1975.

John C. Danforth, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Daniel R. Devereaux, Brady, Brady & Devereaux, St. Louis, for appellant.

STOCKARD, Commissioner.

Appellant was charged by information in the St. Louis Court of Criminal Correction with the sale of an obscene publication in violation of Section 563.280, RSMo 1969, V.A.M.S., a misdemeanor, and was found guilty by the court; a jury having been expressly waived.

This is one of five somewhat related cases. We retained appellate jurisdiction of State v. Flynn, 519 S.W.2d 10 (Mo. 1975), because there was a constitutional issue pertaining to an alleged illegal seizure. We retain jurisdiction of this case for the same reason.

On August 1, 1973, police officer Gregory entered a bookstore at 4311 Manchester Avenue. He asked appellant, an employee of the store, if he had any books which would have pictures of sexual relations. Appellant pointed out a display case and told the officer he would find the kind of book he wanted on that rack. The officer selected one book with a cellophane wrapping and, after appellant assured the officer it had the pictures in it that he wanted, the officer purchased the book. He and his partner then left the store, looked through the book, returned and placed appellant under arrest.

Appellant does not contend that the contents of the book are not obscene. They clearly are "hard core" obscenity.

Appellant's first point is that the court erred in admitting the book into evidence for the reason that his "arrest was without probable cause and based upon the arresting officer's personal opinion as to the obscenity of the publication rather than pursuant to a prior judicial determination of its obscenity vel non." This is the identical point considered and ruled in State v. Shouse, 519 S.W.2d 13 (Mo. 1975), and State v. Hughes, 519 S.W.2d 18 (Mo.1975), and substantially the same point presented in State v. Flynn, 519 S.W.2d 10 (Mo.1975). We need not here restate the reasons for the ruling, but refer to those cases to demonstrate there is no merit to this point.

Appellant's second point is the identical constitutional challenge to the validity of Section 563.280 on the basis of vagueness and overbroadness as was made in State v. Flynn, 519 S.W.2d 10 (Mo. 1975). In this case, as in the Flynn case,

no constitutional challenge to the statute for the reasons now asserted was made prior to the motion for new trial. The issues now presented have been expressly ruled adverse to appellant's contention in State v. Flynn, supra. We need not again set forth here the reasons for that ruling.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the court.

All of the Judges, concur.