**STATE of Missouri, Respondent,**

v.

**David Louis HUGHES, Appellant.**

**No. 58516.**

Supreme Court of Missouri, Division No. 2.

Feb. 18, 1975.

John C. Danforth, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Daniel R. Devereaux, Brady, Brady & Devereaux, St. Louis, for appellant.

STOCKARD, Commissioner.

Appellant was charged by information in the St. Louis Court of Criminal Correction with the sale of an obscene publication in violation of § 563.280, RSMo 1969, V.A. M.S., a misdemeanor, and was found guilty by the court; a jury having been expressly waived.

This is one of five somewhat related cases. We retained jurisdiction of State v. Flynn, 519 S.W.2d 10 (Mo.1975), because there was a constitutional issue pertaining to an alleged seizure. We retain jurisdiction of this case for the same reason.

Only a brief statement of the facts is necessary.

On August 24, 1973, a police officer went to a bookstore where appellant was a clerk. He asked appellant if he had any magazines with pictures of sexual intercourse or sodomy. Appellant directed him

to a rack of magazines and specified one magazine in particular as containing the pictures requested. The officer paid the price for the magazine, and received it from appellant. The officer and a companion then looked through the magazine and found that it contained the pictures appellant had said it would, and then placed appellant under arrest. Appellant does not contend on his appeal that the magazine is not "hard core" obscenity.

Appellant first contends that the court erred in admitting the magazine "for the reason that [appellant's] arrest was without probable cause and based upon the arresting officer's personal opinion as to the obscenity of the publication rather than to a prior judicial determination of its obscenity vel non."

 We first note that, as in State v. Flynn, supra, there was no motion before trial to suppress the evidence. Appellant necessarily knew the magazine would be offered in evidence. For this reason alone reversible error did not result for the asserted reason. State v. Harrington, 435 S.W.2d 318 (Mo.1968); State v. Flynn, supra.

By reason of appellant's argument under this point, it appears that his contention is premised on the basis that an illegal seizure occurred. He cites, for example, Heller v. State of New York, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745 (1973), where it was held that a *seizure* of allegedly obscene material must only be undertaken pursuant to a warrant issued after a probable cause determination is made by a neutral magistrate. To the same effect is Roaden v. Commonwealth of Kentucky, 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed.2d 757 (1973). However, there was no seizure in this case. The police officer purchased and paid for the magazine. It was then his property, and one cannot illegally seize his own property from his own possession. This point is ruled adversely to appellant's position by both State v. Flynn, supra, and by State v. Richardson, 506 S.W.2d 488 (Mo.App.1974).

Appellant's second and last contention is that § 563.280 "is unconstitutionally vague and overbroad" as applied to him.

This is the identical contention presented in State v. Flynn, supra, and there ruled. In this case, as in State v. Flynn, this constitutional issue was presented for the first time in the motion for new trial. There was no motion to dismiss or quash the information. In fact, there was no objection to the introduction of any evidence on the basis that the information was vague or overbroad. Under these circumstances the issue is not preserved for appellate review. For a more detailed discussion, see State v. Flynn, supra. The ruling there controls this case.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the court.

All of the Judges concur.