**STATE of Missouri, Respondent,**

v.

**Percy HOLLINS, Appellant.**

No. 36618.

Missouri Court of Appeals, St. Louis District, Division Two.

Dec. 23, 1975.

Brady, Brady, Devereaux, St. Louis, for appellant.

Thomas W. Shannon, Pros. Atty., David E. Miller, Dennis Kay, Asst. Pros. Attys., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Defendant, a clerk in an "Adult Book Store," appeals a conviction and $300 fine in a court-tried case for violating § 563.280 (RSMo 1969, V.A.M.S.), which provides that "Every person who shall . . . offer for sale . . . any obscene . . . picture . . . or other publication of indecent, immoral or scandalous character . . . shall, on conviction thereof, be fined . . .."

The State's information charged that "Percy Leroy Hollins in the City of St. Louis, on the 8th day of February, 1974, did knowingly sell to Officer Zouglas (sic) a certain obscene publication bearing the following title: 'ACTION Vol. 1 No. 5." Defendant also contends that § 563.280 (RSMo 1969, V.A.M.S.) is unconstitutionally vague and overbroad and that "ACTION Vol. 1 No. 5" is not obscene and is protected expression under the First Amendment of the U. S. Constitution and Article One, Section Eight, of the Missouri Constitution.

On February 7, 1974 Officer Smith entered the bookstore and conversed with defendant about the contents of various publications which were on sale. He purchased a copy of "PAGEN," returned the following day and asked defendant for a magazine with photographs of white and black female and male subjects involved in sexual intercourse and sodomy. Defendant directed Officer Smith to a display rack and stated, "Those magazines should have the pictures that you're looking for." Smith selected "ACTION Vol. 1 No. 5" and later testified

the front cover depicted a male and female in "some type of sexual act" and the back cover depicted a male and female in "some type of sexual act with a 'censor tape' covering part of the picture." Officer Smith bought the magazine from defendant for $7.80, left the store and with his partner, Officer Zouglas, looked through the magazine, returned and placed defendant under arrest.

Officer Smith was the State's first witness and at the beginning of his testimony the State realized there had been an error made in the information. The State requested the information be amended to replace Zouglas' name with Smith's as the purchaser and to add Smith as a witness. The trial court held it was within its discretion to grant the amendment.

■ It was not error for the trial court to grant the State's amendment. Rule 24.-02 allows amendment at any time before verdict if "no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." The purpose of the information is that it "fully inform the defendant of the offense of which he stands charged." Rule 24.11. Minor defects which do not affect the notice to defendant of the crime charged can be amended during trial. Here, the information notified defendant he was being charged with knowingly selling obscenity and specifically identified "ACTION Vol. 1 No. 5" as the obscene publication, the essence of the obscenity prosecution involved. *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). Since defendant is not charged with selling obscenity to minors, to whom he sold the publication is not material. The information did correctly identify the offense with which defendant was charged and the particular publication was found to be obscene.

■ Missouri's obscenity statute requires that defendant have knowledge of the obscene matter. Section 563.280 (RSMo 1969, V.A.M.S.). *State v. Richardson*, 506 S.W.2d 488 (Mo.App.1974). We find it was not

error to admit "PAGEN" into evidence because it helped establish scienter, a necessary element of the State's case. Defendant's contention that "PAGEN" should not have been admitted because it was irrelevant, immaterial and possible evidence of another crime is without merit in a court-tried case. In establishing that Officer Smith had returned to the bookstore the day after he purchased "PAGEN" and told defendant it did not have the pictures he was looking for, defendant's directing Smith to a different publication inferred defendant had knowledge of the publications. Defendant was not arrested for selling "PAGEN" nor did the State at any time during the trial submit that "PAGEN" was obscene. Admitting "PAGEN" was not evidence of an additional and separate offense and was relevant to prove scienter.

■ Defendant's third contention that "ACTION Vol. 1 No. 5" should not be admitted because improperly seized by the arresting officers also fails. The publication was not seized; it was purchased by Officer Smith who owned it at the time he placed defendant under arrest. *State v. Flynn*, 519 S.W.2d 10 (Mo.1975) [2]; *State v. Shouse*, 519 S.W.2d 13 (Mo.1975).

■ Defendant contends Missouri's obscenity statute is vague and overbroad. The Missouri Supreme Court has held to the contrary. *State ex rel. Wampler v. Bird*, 499 S.W.2d 780 (Mo.1973) held the statute was in line with the U. S. Supreme Court obscenity guidelines of *Roth v. United States*, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957) and *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). See also *State v. Vollmar*, 389 S.W.2d 20 (Mo.1965). The judicial construction of statutory language becomes part of the statute, making the statute sufficiently specific to avoid challenge for vagueness. *State v. Crawford*, 478 S.W.2d 314[2–7] (Mo. 1972). In the light of its prior judicial constructions, Missouri's obscenity statute is not vague or overbroad.

██ Defendant's last contention on appeal is that "ACTION Vol. 1 No. 5" is not obscene "in the constitutional sense." Rule 84.04(d) states: "Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this rule." Defendant does not specify what he means by "constitutional sense" nor does he relate the actual contents of "ACTION Vol. 1 No. 5" to this "constitutional sense." This court has no duty to search defendant's arguments in order to comprehend an abstract statement. *Cole v. Cole*, 516 S.W.2d 518[5] (Mo.App.1974).

Judgment affirmed.

KELLY and STEWART, JJ., concur.