**STATE of Missouri,
Plaintiff-Respondent,**

v.

**William PERRY, Samuel Randle and James Greer, Defendants-Appellants.**

**Nos. 39435 to 39438.**

Missouri Court of Appeals,
St. Louis District,
Division One.

April 25, 1978.

Motion for Rehearing and/or Transfer Denied June 8, 1978.

Application to Transfer Denied July 24, 1978.

Wolff, Frankel, McConnell & Passanante, Leonard J. Frankel, Richard S. McConnell, Jr., Clayton, for defendants-appellants.

Thomas W. Shannon, Pros. Atty., Edward Ward, Sidney Faber, Jim Sullivan, Asst. Pros. Attys., St. Louis, for plaintiff-respondent.

McMILLIAN, Judge.

Appellants appeal from convictions entered in the circuit court of the City of St. Louis for the sale of obscene publications or films in violation of § 563.280 RSMo 1969.[1] The trial court, sitting without a jury, found appellants guilty as charged and assessed the following fines and costs: William Perry, No. 76–3284, $150.00; Samuel Randle, No. 76–3285, $100.00; James Greer, No. 76–3286, $100.00 and No. 76–3287, $150.00.

On April 29, 1977, appellant's hearing on his Motion to Suppress Evidence was held. At this time appellant stipulated, for the purposes of this hearing, that the material seized was obscene. Also, it was stipulated that the testimony as to the arrests of appellants and the procedures followed by the police in obtaining the obscene material in each case was the same; and therefore, testimony would only be taken in *State v. Greer*, No. 76–3286.

The pertinent testimony is as follows: Detective Roy Joachimstaler testified that on September 2, 1976, he entered a bookstore to investigate the possible sale of obscene material. As he entered, he noticed appellant Greer sitting behind a display counter. After this initial observation, he picked up and began to read some magazines which had been lying on the floor. All of the magazines were wrapped in a clear plastic material, and on the front and back covers were photographs which depicted a male and female involved in sexual activity.

After Detective Joachimstaler decided to buy three of the magazines, appellant Greer informed him that the total purchase price of the magazines was $22.52. Detective Joachimstaler then gave appellant a $20.00 bill and three $1.00 bills. After officer Joachimstaler received his change, he placed appellant under arrest. The officer then asked appellant Greer to return the $20.00 bill he had just exchanged. Appellant Greer complied. Detective Joachimstaler testified that after he made the arrest, he left the bookstore with all the money he had given Greer and the three magazines. According to the officer, this was standard police procedure.

On appeal appellant raises two points. First, that the transaction between the arresting officer and appellants did not constitute a sale, but rather an illegal seizure in violation of the First, Fourth and Fourteenth Amendments of the United States Constitution and § 542.281. Secondly, that the effect of the procedures followed by the arresting officer was to circumvent the statutory requirement that allegedly obscene material be seized only pursuant to a warrant properly issued by a judge of the circuit court.

As to the first point, the law of Missouri is squarely set against appellant. In *State v. Flynn*, 519 S.W.2d 10 (Mo.1975), the su-

---

1. All statutory references are to RSMo 1969.

preme court held that a sale is established where the evidence shows that the police officer asked for a publication of a certain type, that it was produced by appellant, that the officer paid the purchase price and that the book was delivered to him. *Id.* at 13. The supreme court held similarly in the companion cases of *State v. Shouse*, 519 S.W.2d 13 (Mo.1975), and *State v. Richardson*, 519 S.W.2d 15 (Mo.1975).

Applying this general rule to the presented fact situation, there appears a clear example of a sale rather than a search and seizure. Detective Joachimstaler entered a public bookstore, picked out three magazines, paid the purchase price, and received possession of the materials. Thus, the officer paid for and owned the magazines at the time he placed the appellant under arrest. There was no seizure.

Appellant argues that no bona fide sale occurred because the officer took back his money after the exchange. This point is not well taken, as what has occurred at this point is simply a police officer confiscating evidence of the crime. If not allowed to follow this procedure, how would the state be able to prove up the sale at trial? Appellant fails as to this point.

Next, appellant argues that the effect of the police procedures in making the arrests circumvents the statutory requirements of § 542.281, that allegedly obscene material be seized only pursuant to a search warrant properly issued by a judge of the circuit court.

Section 542.281 sets up a specific search warrant procedure for the *seizure* of allegedly obscene material. Here, however, it has been determined that a sale took place rather than a seizure, therefore, the procedures set out in § 542.281 are inapplicable. Generally, the requirement that a police officer obtain a warrant prior to conducting a search and seizure is meant to protect the individual's privacy by assuring that searches and seizures are reasonable. *Matter of Duncan*, 541 S.W.2d 564, 570 (Mo. 1976). Here, there are no interests in individual privacy involved as the magazines were being displayed to the public in a commercial setting. Therefore, there is no circumvention of applicable statutory search warrant requirements.

The judgments of the trial court are affirmed.

CLEMENS, P. J., and SMITH, J., concur.