**CITY OF KANSAS CITY, Missouri, Plaintiff-Respondent,**

v.

**Patricia CURTIS, Defendant-Appellant.**

No. 29749.

Missouri Court of Appeals, Western District.

Feb. 26, 1979.

L. Patrick O'Brien, Legal Aid of Western Missouri, Kansas City, for defendant-appellant.

Aaron A. Wilson, Louis W. Benecke and Dan R. Sharp, Kansas City, for plaintiff-respondent.

Before HIGGINS, Special Judge, Presiding, PRITCHARD, J., and WELBORN, Special Judge.

PER CURIAM.

Upon trial before the Municipal Court of Kansas City, Missouri, Appellant was convicted of disorderly conduct and breach of the peace under Section 26.10(b) of the ordinances of the City of Kansas City, Missouri. Appeal was taken to the Circuit Court of Jackson County and upon trial de novo without jury, she was convicted. Motion for new trial was timely filed and overruled.

Appellant raises two points on appeal:

## I

"The trial court erred in denying defendant's motion for judgment of acquittal at the conclusion of all the evidence and in denying defendant's motion for a new trial for the following reasons:

A. Because the city failed to make a submissible case due to a complete absence of evidence tending to establish any or all of the essential elements of the offense of disorderly conduct."

## II

"The trial court erred in denying defendant's motion for judgment of acquittal at the conclusion of all the evidence and in denying defendant's motion for a new trial for the following reasons:

B. Because application of the ordinance to the defendant would operate to punish her for exercising her constitutionally protected rights of freedom of speech and freedom of association."

■ Consideration of point II(B) is first taken up because it raises a constitutional question and may be disposed of without recitation of the facts or ordinances involved herein. Point II(B) is without merit because the section of the constitution allegedly violated must be specified and preserved through the trial proceedings. Upon this failure, there was nothing preserved for appellate review. *Kansas City v. Miller,* 463 S.W.2d 565 (Mo.App.1971); *State v. Flynn,* 519 S.W.2d 10 (Mo.1975); *State v. Shouse,* 519 S.W.2d 13 (Mo.1975); *State v. Richardson,* 519 S.W.2d 16 (Mo.1975); *State v. McClain,* 541 S.W.2d 351 (Mo.App.1976); Rule 27.20(c) and Rule 28.18.

■ Consideration of point I(A) necessitates a recitation of the ordinance involved and a brief summary of the facts established upon trial.

The pertinent portion of Section 26.10(b) of the ordinances of Kansas City, Missouri states:

"Any person who, with intent to provoke a breach of the peace or whereby a breach of the peace may be occasioned, commits any of the following acts shall be deemed to have committed the offense of disorderly conduct:

\* \* \* \* \* \*

(b) Acts in such a manner as to annoy, disturb, interfere with, obstruct, or be offensive to others \* \* \*"

Appellant was charged by information dated June 16, 1977 which read:

"Disorderly conduct whereby a breach of the peace might have been occassioned, to wit: did stand on sidewalks and street corners and flag down vehicle traffic and pedestrian traffic thus creating a public annoyance by impeding traffic, thereby interfering with and obstructing those persons."

Upon trial, only the arresting officer testified. The Appellant offered no evidence. The officer stated he observed the Appellant during the hours of 1:30 p. m. and 4:00 p. m. at the intersection of 36th and Troost, during which time she and other women waved at passing motor vehicles. Some of these vehicles turned on to 36th Street and the occupants spoke with some of the women, including Appellant.

Evidence indicated that when these vehicles slowed, this caused other vehicles to slow, producing a hazardous traffic situation, although no collisions occurred. As to

vehicles which turned and stopped, the evidence established they ended up on the wrong side of the street as regards proper parking and stopping of vehicles at that location.

In addition to the vehicular activity, the police officer testified that Appellant stopped pedestrians upon the sidewalk and engaged them in conversation. Some of these pedestrians were persons going to and from a local business establishment. Testimony concluded the officer could not overhear any conversation and that no violent or "outward emotions" were expressed by any of the pedestrians.

While reviewing courts should be and are reluctant to reverse the trier of facts, the decisions made upon trial must be, from the evidence, in conformity to the law of our state.

On the question of breach of peace, in the case of *City of St. Louis v. Tinker*, 542 S.W.2d 512 (Mo. banc 1976), breach of the peace has been determined to be such conduct by the actor as to intend " * * * to incite the other people present to immediate violence in the circumstances then and there prevailing?"

The evidence of this case does not support Appellant's conviction under *City of St. Louis v. Tinker, supra,* and is accordingly reversed.

Reversed.